**In the Matter of Michael T. FOSTER.**

No. 33S00–9303–DI–311.

Supreme Court of Indiana.

March 16, 1994.

Jeffrey C. McDermott, Indianapolis, for respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, for Indiana Supreme Court Disciplinary Com'n.

### DISCIPLINARY ACTION

#### PER CURIAM.

The Respondent, Michael T. Foster, has been charged in a two count verified complaint with violating Ind. Professional Conduct Rule 7.4(a) of the *Rules of Professional Conduct for Attorneys at Law,* by improperly holding himself out to the public as a specialist, and violating Prof.Cond.R. 8.4(c), by engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation. Pursu-

ant to Ind. Admission and Discipline Rule 23, Section 11(d), the parties have tendered to the Court a conditional agreement for discipline recommending a sanction of public reprimand. We accept and approve the agreement of the parties. The facts and circumstances of this case are more fully set out in the opinion that follows.

This Court now finds that the Respondent was admitted to practice on May 5, 1990, and, therefore, is subject to the professional discipline of this Court. At all times relevant to the complaint, Respondent, was both a member of the Bar of this Court and a licensed insurance agent in the State of Indiana.

Under Count I, the parties have agreed and, accordingly, we now find that in September 1992, in his role as an attorney, Respondent placed an advertisement in the *Winchester News Gazette* newspaper. This advertisement invited attendance at a free public seminar about "Living Trusts" and contained the words "Estate Specialist since 1979."

Prof.Cond.R. 7.4(a) describes the circumstances in which an attorney may publicly imply that he or she is a recognized or certified specialist. The traditional specialties in Patent, Trademark, and Admiralty Law are recognized under this provision. Additionally, an attorney may publicly indicate that he or she practices in certain areas, limits practice to certain areas, or, with proper description, is certified by the National Board of Trial Advocacy. Prof.Cond.R. 7.4(a)(2) specifically prohibits an attorney from holding himself or herself out as a "specialist." The above described conduct clearly violated this disciplinary provision.

Under Count II, the parties have agreed and, accordingly, we now find that on or about December 15, 1990, in his role as an insurance agent, Respondent visited one David Foley and his wife at their home. During his visit, Respondent obtained information about Foley's insurance policy and other personal information. On December 19, 1990, Respondent telephoned Foley's insurer and stated to the insurer that he, Respondent, was David Foley and that he

wished to obtain information and a "policy surrender form" from the insurer. When asked for his address, Respondent gave Foley's correct name, address and phone number to the insurer. Following the conversation, Respondent telephoned Foley and advised him of his (Respondent's) actions. Foley subsequently filed a letter of complaint with the Insurance Department. On March 7, 1991, Respondent entered into an Agreed Order assessing a One Hundred Dollar ($100.00) civil penalty. The Agreed Order further stipulated that the order was not an admission of guilt.

Prof.Cond.R. 8.4 provides that "(i)t is professional misconduct for a lawyer to: ... (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;" .... We find that, although the misconduct of Respondent did not directly involve the practice of law, such involvement is not a prerequisite element for a violation of section (c) of Prof.Cond.R. 8.4. Accordingly, we find that Respondent violated Prof.Cond.R. 8.4(c).

■ The parties have agreed that the appropriate sanction for the misconduct exhibited in this matter is a public reprimand. By way of mitigation, the parties state that Respondent has no prior history of disciplinary action, has made a timely good faith effort to rectify the consequences of his misconduct, has made full and free disclosure, and is remorseful for his acts. The parties further agree that the use of the term "Estate Specialist" was done with an understanding and misguided belief that such conduct was permissible in light of *Peel v. Attorney Disciplinary Commission*, 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990). Upon receipt of the grievance, Respondent immediately changed his advertisement. The cumulative effect of this violation, taken in conjunction with the violation of Prof.Cond.R. 8.4(c), convinces us that the agreed sanction is appropriate.

It is, therefore, ordered that by reason of the professional misconduct found in this case, the Respondent, Michael T. Foster, is hereby reprimanded and admonished.

Costs of this proceeding are assessed against the Respondent.