**In the Matter of ANONYMOUS.**

No. 49S00–9310–DI–1128.

Supreme Court of Indiana.

June 29, 1994.

---

DISCIPLINARY ACTION

PER CURIAM.

Respondent here was charged by verified complaint for disciplinary action with violating Rule 7.3(c) of the *Rules of Professional Conduct for Attorneys at Law.* The charge arises out of an incident wherein Respondent sent a written solicitation to an individual who had shortly beforehand been charged with driving while intoxicated. The Disciplinary Commission and the Respondent

have tendered for this Court's approval a statement of circumstances and conditional agreement for discipline, therein agreeing that Respondent should be privately reprimanded. Further, Respondent has tendered an affidavit as required by Admission and Discipline Rule 23, Section 17(a). We approve the tendered agreement, but wish to set out more fully the facts and circumstances of this case. Given the private nature of the admonishment, the Respondent will herein remain anonymous.

Accordingly, we now find that Respondent was admitted to the Bar of this State on October 9, 1974, and is therefore subject to this Court's disciplinary jurisdiction. Respondent mailed a letter soliciting professional employment to an individual several days following that individual's arrest for driving while intoxicated. Contrary to Ind. Professional Conduct Rule 7.3(c),[1] that letter failed to include, either at its beginning or on the envelope in which it arrived, the words "Advertising Material." Instead, the letter, near its heading, bore the words "legal advertisement." Respondent also failed to provide a copy of the letter to the Commission before sending it to the potential client-recipient.

We find that Respondent's failure to properly label the written communication, and his failure to file a copy with the Commission, violated Prof.Cond.R. 7.3(c).

This Court is inclined to accept the agreed discipline, that being a private reprimand, in part based on several mitigating factors present in this case. The most compelling is Respondent's apparent genuine belief that he had complied with the applicable *Rules of Professional Conduct.* We therefore characterize Respondent's misconduct as that arising out of simple neglect and inattention, and not from a conscious desire to violate our rules of ethics. Misconduct aris-

ing from negligence or oversight is generally viewed as less egregious than that deriving from an intent to engage in prohibited conduct. Further, upon learning of allegations of wrongdoing, Respondent ceased mailing until a correct interpretation of the law and procedure thereunder was ascertained. He corrected his mailings after submission of the proposed letter to the Commission and thereafter learning the proper procedure to follow. We also note that a private reprimand in this case comports with the discipline imposed by this Court in a similar matter in which significant mitigating circumstances were present. See *In re Anonymous* (1994), Ind., 630 N.E.2d 212 (private reprimand imposed where Respondents failed to properly label or file with the Commission a letter soliciting professional employment from persons faced with home foreclosure).

However, even though Respondent's misconduct appears to be due to simple neglect and inattention to ethical guidelines, his transgression is not excused. It is every lawyer's professional obligation to be aware of and familiar with the *Rules of Professional Conduct,* so that lapses of this sort may be avoided.

Accordingly, we accept the agreed discipline in this matter, and order that the Respondent be privately reprimanded.

Costs of this proceeding are assessed against the Respondent.

---

1. Prof.Cond.R. 7.3(c) provides:
   Every written or recorded communication from a lawyer soliciting professional employment from a prospective client potentially in need of legal services in a particular matter, and with whom the lawyer has no family or prior professional relationship, shall include the words "Advertising Material" conspicuously placed both on the face of any outside envelope and at the beginning of any written communication and both at the beginning and ending of any recorded communication. A copy of such communication shall be filed with the Indiana Supreme Court Disciplinary Commission at or prior to its dissemination to the prospective client.