**In the Matter of Joseph M. SKOZEN.**

No. 45S00–9308–DI–874.

Supreme Court of Indiana.

Feb. 12, 1996.

Barry D. Sherman, Hammond, for Respondent.

Donald R. Lundberg, Executive Secretary, David B. Hughes, Staff Attorney, Indianapolis, for Indiana Supreme Court Disciplinary Commission.

DISCIPLINARY ACTION

PER CURIAM.

On August 12, 1993, the Disciplinary Commission filed a verified complaint for disciplinary action alleging that the respondent violated Rules 7.3(c) and 8.1 of the *Rules of Professional Conduct for Attorneys at Law.* This matter now comes before us on the Commission and the respondent's proffered *Statement of Circumstances and Conditional Agreement for Discipline,* entered pursuant to Ind.Admission and Discipline Rule 23, Section 11(g).[1] We approve the tendered agreement, and herein set forth the facts and circumstances of this case.

The respondent was admitted to the bar of this state in 1977. The parties agree that in 1992, an attorney informed respondent that several executors of the estate of a deceased individual were considering asking the attorney to represent the estate. The attorney requested that, in the event he was hired, the respondent act as co-counsel. At that time, the attorney provided the respondent with copies of the deceased's will and living trust.

The estate's executors ultimately decided to hire another attorney to represent the estate. On April 21, 1992, that attorney petitioned the Lake Superior Court for probate of the will and for issuance of letters. The will was thereafter probated and the executors formally appointed. On May 1, 1992, the respondent mailed a letter to the reverend of a church which had been named as a residuary beneficiary under the will. The letter stated, in relevant part:

I do not know whether the personal representative or the Trustee have contacted the six residuary beneficiaries as of this date. However, if you are the intended beneficiary I wish to inform you that it has been brought to my attention from other family members, who are also to receive under the estate, that the administration of the estate assets may require

---

1. Indiana Admission and Discipline Rule 23 was amended effective February 1, 1995. Former subsection 11(g) is now subsection 11(c).

some close monitoring in order to protect the Church's residuary share and interest therein.

If you feel a need to further discuss this matter with me then you may write or phone me at the address or telephone number on this letterhead.

Similar letters were mailed to other entities named as residuary beneficiaries under the will.

On June 16, 1992, the respondent sent a second letter to the church, which stated in relevant part:

At this point in time [another entity] is the only residuary beneficiary which I have authority to represent and whose interests I will be protecting.

Unless I hear from you otherwise, I will take no further action and close my file pertaining to [the church].

The respondent did not file any of the letters with the Commission or include anywhere in them the words "Advertising Material." During the Commission's investigation of this matter, the respondent advised Commission staff that he sent the letters only because he had been contacted by a certain family member of the deceased who requested that the respondent ascertain the status of the estate proceedings and determine if the residuary beneficiaries were fully apprised of their interests. In fact, that family member made no such request of the respondent.

Indiana Professional Conduct Rule 7.3(c) provides:

Every written or recorded communication from a lawyer soliciting professional employment from a prospective client potentially in need of legal services in a particular matter, and with whom the lawyer has no family or prior professional relationship, shall include the words "Advertising Material" conspicuously placed both on the face of any outside envelope and at the beginning of any written communication, and both at the beginning and ending of any recorded communication. A copy of each such communication shall be filed with the Indiana Supreme Court Disciplinary Commission at or prior to its dissemination to the prospective client.

■ The respondent's May 1 and June 16, 1992, letters reflect his recognition of the church's potential need for legal services. At the end of each letter, the respondent invited a representative of the church to contact him for legal services. We therefore find that the letters were clearly solicitations for professional employment targeted at "a prospective client potentially in need of legal services in a particular matter" such as to bring the communications within the purview of Prof. Cond.R. 7.3(c). *See, e.g., In re Anonymous,* 630 N.E.2d 212, 214 (Ind.1994) (unlabeled written solicitation directed at individuals court records indicated were facing mortgage foreclosure violative of Prof.Cond.R. 7.3(c)). The respondent's failure to label the letters as "Advertising Material" or to file the materials with the Commission at or prior to their dissemination violated Prof.Cond.R. 7.3(c).

Professional Conduct Rule 8.1 provides:

An applicant for admission to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(a) knowingly make a false statement of material fact . . .

We find that the respondent violated Prof. Cond.R. 8.1 by informing the Commission that he sent the communications to the church at the behest of a certain family member when that statement was false.

The Commission and the respondent agree that a public reprimand is an appropriate reprisal from this Court for the misconduct that occurred. They agree that several factors mitigate the severity of the respondent's misconduct. Among these factors is the respondent's claim that he did not intend the letters to be advertising material, but now recognizes that his actions were inappropriate and misguided. Further, he characterized his misrepresentation to the Commission as "inadvertent" because he had intended to attribute to another person the request that he contact certain residuary beneficiaries.

■ We are not strongly persuaded by the purported mitigating factors. By sending unlabeled written solicitations to specific entities "targeted" based on their legal situation, the respondent subjected the recipients

to the risk of undue influence, overreaching and exposure to misleading material. Moreover, his false statement to the Commission impeded its resolution of this matter and no doubt wasted valuable judicial resources. However, we accept the agreed sanction of a public reprimand, in part, due to our desire to encourage resolution of disciplinary actions by agreement. We also note that the respondent has never before been disciplined by this Court and has acknowledged the wrongfulness of his acts.

It is, therefore, ordered that the respondent, Joseph M. Skozen, is hereby reprimanded and admonished for the misconduct set out above.

Costs of this proceeding are assessed against the respondent.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.

DICKSON, J., dissents, believing the agreed discipline to be insufficient.