**In the Matter of Glenn S. HUELSKAMP.**

No. 49S00–9907–DI–399.

Supreme Court of Indiana.

Dec. 22, 2000.

Glenn Huelskamp, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM

The respondent, Glenn S. Huelskamp, attempted to attract new clients by sending to recently arrested individuals advertising materials which he now admits were misleading and improper. Today we approve a *Statement of Circumstances and Conditional Agreement for Discipline* between the respondent and the Disciplinary Commission calling for a public reprimand of the respondent for that misconduct.

Having been admitted to the bar of this state in 1989, the respondent is subject to our disciplinary jurisdiction. The respondent's direct mailings which attracted disciplinary scrutiny are set forth below:

Dear ———,

During the next day or two you will make some very important decisions. These decisions will effect(sic) the rest of your life. **Jail, Job, Justice,** and your ability to provide for your family is at

stake. Its (sic) worth Fighting for _____!

Choose a *Lawyer* with 20 years of United States Marine Corps Experience and a former Assistant Professor at Boston University. As a recently appointed Judge Protempore in the Marion Superior Court, Criminal Division, I have the *Right* training to provide you with a fair, fighting, no nonsense defense. Together we will ATTACK the Charges the State has filed against you.

P.S.

I will protect your rights _____ by using every weapon in the legal arsenal.

On another page, the respondent's mailings contained six testimonials, as follows:

"Our first meeting lasted only 20 minutes, but after that short time, Glenn made me feel much better about myself and a lot better about my difficulty" ...... *David M.*

"Mr. Huelskamp answered all my questions and kept me informed every step of the way" ...... *Dinetta S.*

"The staff in Glenn's officer (sic) is polite efficient and very helpful" ......... *Charles M.*

"Mr. Huelskamp's Pit–Bull Approach to our Jury Trial was effective and extremely successful" ......... *Jody L.*

"His fees were fair and his payment plan didn't break my budget" ...... *Clark H.*

"I hope I never get in any more trouble, but if I ever do, Glenn & Karen Huelskamp's 488–8528 number will be the first number I call" ...... *Bryan C.*

The respondents' mailings contained the words "Advertising Material" at the bottom of one page, but that designation did not appear elsewhere in the mailings.

The Commission charged the respondent with violating Ind.Professional Conduct Rule 7.1, which provides in relevant part:

(b) A lawyer shall not, on behalf of himself ... use, or participate in the use of, any form of public communication containing a false, fraudulent, misleading, deceptive, selflaudatory or unfair statement or claim ...

(c) Without limitation a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim includes a state or claim which: ...

(5) is intended or is likely to convey the impression that the lawyer is in a position to influence improperly any court, tribunal, or other public body or official;

(6) contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation of implication not deceptive ...

(d) A lawyer shall not, on behalf of himself ... use or participate in the use of any form of public communication which: ...

(3) contains a testimonial about or endorsement of a lawyer....

The Commission also charged the respondent with violation of Prof.Cond.R. 7.3(c), which provides:

(c) Every written or recorded communication from a lawyer soliciting professional employment from a prospective client potentially in need of legal services in a particular matter, and with whom the lawyer has no family or prior professional relationship, shall include the words "Advertising Material" conspicuously placed both on the face of any outside envelope and at the beginning of any written communication, and both at the beginning and ending of any recorded communication. A copy of each such communication shall be filed with the Indiana Supreme Court Disciplinary Commission at or prior to its dissemination to the prospective client....

The respondent's violation of Prof. Cond.R. 7.1(d) consists of the inclusion of testimonials in his mailing. Such testimonials are expressly prohibited by 7.1(d).

The respondent violated Prof.Cond.R. 7.3(c) by failing to include the notation at the top of the first page that the mailings were advertising materials.

■ For purposes of Prof.Cond.R. 7.1(b), a deceptive or misleading statement is one which contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation or implication not deceptive. Prof.Cond.R. 7.1(c)(6). We find that the statement "Choose a *Lawyer* with 20 years of United States Marine Corps Experience and a former Assistant Professor at Boston University" is a misleading and/or deceptive statement under Prof. Cond.Rule 7.1(b).

In fact, the respondent was a ROTC instructor at Boston University. Although he has 20 years of Marine Corps experience, he never served as a lawyer in the United States Marine Corps. As to both statements, the individual assertions contained therein, standing alone, were correct but become deceptive when considered in the context in which they were offered. The reference to his military and teaching background occurred in a mailing which showcased the respondent's abilities as a lawyer and was designed solely to attract business to the respondent's law firm. Accordingly, we also find that the respondent's statement regarding his military and teaching experience could be interpreted to exaggerate the respondent's legal experiences in that a reasonable person might believe incorrectly that the respondent was a Marine Corps lawyer or a law professor at Boston University. As such, that statement also violates Prof. Cond.R. 7.1(b) because it is deceptive and misleading.

■ We also find that the respondent's statement that his recent appointment as a judge pro tempore gave him the "right" training to represent potential clients suggests an improper nexus between the respondent's roles as a criminal defense lawyer and a judicial officer. We further note that the respondent did not receive any formal training incident to his service as a judge pro tempore. Accordingly, we find the statement regarding service as a judge pro tempore is ambiguous and was intended, or is likely to convey, the impression that the respondent was in a position to influence improperly a court, in violation of Prof.Cond.R. 7.1(c)(5).

■ The agreed sanction is a public reprimand. Such a sanction is consistent with our resolution of similar instances of misconduct. *See, e.g., Matter of Wamsley*, 725 N.E.2d 75 (Ind.2000) (public reprimand where attorney's advertisement contained misleading, deceptive, self-laudatory, and unfair claims); *Matter of Skozen*, 660 N.E.2d 1377 (Ind.1996) (public reprimand for failing to label solicitation letters as "advertising materials" or to file letters with Disciplinary Commission). We find that it is appropriate for this case as well.

It is, therefore, ordered that the respondent is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the Clerk of the United States Court of Appeals for the Seventh Circuit, the Clerk of each of the United States District Courts in this state, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.