**In the Matter of ANONYMOUS.**

**No. 49S00–0103–DI–174.**

Supreme Court of Indiana.

Oct. 8, 2002.

PER CURIAM.

The respondent in this attorney disciplinary action has been charged with placing a deceptive advertisement for his legal services. We today find that the respondent's ad was deceptive under the *Rules of Professional Conduct for Attorneys at Law* and that the appropriate discipline for the misconduct is a private reprimand. For the education of the bar and the public, we recount the facts and circumstances of this case.

In November of 1998, the respondent placed an advertisement in an Indianapolis newspaper in an effort to solicit bankruptcy clients for his bankruptcy practice. The advertisement stated, "Bankruptcy, but keep house & car."

The respondent and the Disciplinary Commission stipulate that in bankruptcy practice under Chapters 7 and 13, the debtor has the right to retain possession of the debtor's house and automobile if those obligations are reaffirmed during the course of the bankruptcy proceedings. The debtor, however, must arrange to bring the debts current; that is, pay all arrearages and continue making payments on the debts after formal reaffirmation, unless otherwise agreed to by the debtor and creditor. The debtor who has not reaffirmed these obligations will be subject to foreclosure of these obligations and loss of secured assets, including the debtor's house and car.

Indiana Professional Conduct Rule 7.1(b) forbids a lawyer from using any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim. Indiana Professional Conduct Rule 7.1(c)(2) describes a false, fraudulent, misleading, deceptive, self-laudatory, or unfair statement or claim as one which, *inter alia*, omits to state any material fact necessary to make the statement, in light of all the circumstances, not misleading. Deceptive representations include ones likely to cause an ordinary prudent person to misunderstand or be deceived, or one which fails to contain reasonable warnings or disclaimers necessary to make a representation or implication not deceptive. *Matter of Huelskamp*, 740 N.E.2d 846 (Ind.2000), *quoting* Prof.Cond.R. 7.1(c)(6). We find that the advertisement omitted stating that a debtor in bankruptcy has only the possibility of keeping his house and car, and that keeping such items through bankruptcy is not guaranteed. Upon reading the respondent's ad, an ordi-

nary prudent person, perhaps knowing nothing about the debt reaffirmation provisions of Chapters 7 and 13, would likely believe that during and after bankruptcy proceedings his house and car would be secure in his possession, no matter what.

Finding a violation of Prof.Cond.R. 7.1(b) requires no proof that any client or potential client was in fact deceived. It is enough that a public communication risks deceiving the public. The respondent's advertisement violated Ind.Professional Conduct R. 7.1(b).

In mitigation, the hearing officer found that the respondent did have several people review the ad before he placed it in the newspaper. He had the ad changed promptly once the Commission notified him of its concerns.

In light of these considerations, we find that the respondent should be privately reprimanded for his misconduct.

Costs of this proceeding are assessed against the respondent.