**In the Matter of James B. MILLER.**

No. 883S277.

Supreme Court of Indiana.

April 25, 1984.

Michael R. Franceschini, Indianapolis, for respondent.

Sheldon A. Breskow, Executive Secretary, Gregory M. Fudge, Staff Atty., Indianapolis, for the Indiana Supreme Court Disciplinary Com'n.

## DISCIPLINARY ACTION

PER CURIAM.

This disciplinary matter was initiated by a "Verified Complaint for Disciplinary Action" filed by the Indiana Supreme Court Disciplinary Commission. The parties have entered into and submitted for this Court's approval a "Statement of Circumstance and Conditional Agreement", and the Respondent has submitted his affidavit pursuant to Admission and Discipline Rule 23, Section 17(a).

Upon examination of said agreement, this Court finds that it should be approved. In accordance therewith, this Court finds that the Respondent is a member of the Bar of the State of Indiana and practices law in Indianapolis, Indiana. We find further that the Respondent is charged with violating Disciplinary Rules 1–102(A)(1), (4), (5) and (6), Disciplinary Rule 2–102(B), Disciplinary Rule 6–101(A)(2) and (3) and Disciplinary Rule 9–102(B)(3) and (4) of the *Code of Professional Responsibility for Attorneys at Law.*

Relative to the charges under Count I of the agreement, the parties agree and this Court finds that the Respondent represented Jimmy Bricker in a civil action in the Marion Superior Court, Room 5, in an attempt to recover on a defective tractor-trailer truck purchased by Bricker. In January, 1981, the Respondent petitioned the court for a restraining order to prevent the seller-defendant from reselling the truck. The court required a bond in the amount of $1,000 to support the restraining order. The Respondent represented to Bricker's father, Eugene Bricker, that $1,500 was needed for a bond and partial attorney fee, and that the $1,000 used for the bond would be returned upon its release by the court. The Respondent posted the bond on or about January 28, 1981, but due to ineffective service of process, the restraining order was removed and the bond was re-

leased to the Respondent on or about February 24, 1981. Thereafter, the Respondent refused to return any money to Eugene or Jimmy Bricker until October or November, 1981, at which time the Respondent returned a total of $1,076 to Jimmy Bricker. The Respondent failed to maintain sufficient records to indicate the amount of funds received from Bricker and the use of those funds.

As to Count II, the parties agree that Gerald and Ramona Schmidt retained the Respondent on or about July 28, 1982, to represent James Pruitt in two causes in the Marion County Juvenile Court. The Respondent was given by the Schmidts an incorrect time for the hearing in one of the causes which he failed to verify. Thereafter, he failed to appear on behalf of Pruitt in a hearing held on August 6, 1982, and further failed to notify the court, the Schmidts or Pruitt that he would not be present.

In accordance with the agreed facts under Count III, we find that in June, 1979, the Respondent was retained by James G. Larrimore to represent him in a civil action against Falender Homes, Inc. The cause was transferred from the Marion County Small Claims Court to the Marion Municipal Court. In September, 1982, the court issued an order for the Respondent to submit a witness list prior to trial. The Respondent failed to do so and, as a direct result, the defendant filed, and the court so granted, a motion for protective order barring Larrimore from presenting testimony at trial from any witness other than the petitioner. The Respondent's failure to file this witness list precluded Larrimore from being able to present testimony from expert witnesses needed in the presentation in his case in chief.

On or about October 26, 1982, two days prior to trial, the Respondent entered into a settlement agreement with the defendant's attorney. The Respondent failed to communicate the settlement to his client until January, 1983, when his client instructed the Respondent not to accept the settlement. The case was reset for trial but Falender filed a counterclaim alleging breach of said settlement agreement.

Thereafter, the Respondent failed to communicate with Larrimore or with the court. As a result, the judge contacted Larrimore and requested that Larrimore accept service of pleadings and motions filed by the defendant in the lawsuit due to the court's inability to locate the Respondent for service of process.

On March 23, 1983, the court entered judgment in favor of Falender and against Larrimore and also found in favor of Falender as to their counterclaim in the amount of $575 actual damages and $1,000 punitive damages plus interest and costs.

Under Count IV, the parties agree, and this Court finds, that about August or September of 1981, the Respondent received from his client, Ken Gregory, a check for $250 which was post-dated October 30, 1981. On October 27, 1981, the Respondent deposited the check in his bank account, and the account was subsequently closed. The check was returned for non-sufficient funds and the bank filed criminal charges against Gregory. The Respondent defended Gregory on this charge. At a hearing on August 16, 1982, Gregory entered a plea of not guilty. The Respondent then negotiated a plea agreement with the prosecutor whereby Gregory would enter a plea of guilty in exchange for making restitution on the check, thirty days in jail suspended, and six months probation.

The Respondent presented the oral plea agreement to the court, but the presiding judge declined to accept it based on the facts that the check had been post-dated, that the Respondent accepted the check with knowledge of such date, and that the Respondent deposited the check in his own account three working days prior to the date of said check. The court dismissed the charges after restitution by Gregory.

As to Count V, the parties agree that the Respondent was retained by David E. Crabtree in August, 1983, for the purpose of filing a bankruptcy petition on behalf of Crabtree. Crabtree paid the Respondent $100. The Respondent prepared the petition but never filed the same because he did not contact Crabtree in order to have

Crabtree sign the petition and pay any attorney fee balance or filing fee. Crabtree was unsuccessful in contacting the Respondent due to Respondent's telephone having been disconnected.

The agreed facts under Count VI are that the Respondent caused to be erected two 40 in. × 36 in. signs located on the southwest corner of State Road 135 South and County Line Road in Marion County, Indiana. Said signs made use of a trade name, to-wit: "Area Attorneys". The signs were misleading as to the identity of the Respondent practicing under said trade name.

In light of all the foregoing findings, and in accordance with the agreement of the parties, this Court concludes that the Respondent engaged in misconduct. The Respondent, over a period of time, pursued a course of conduct whereby he routinely violated the code of ethics. He handled legal matters without adequate preparation; he neglected legal matters; he failed to maintain complete records of all funds belonging to clients; he failed to promptly pay or deliver such funds to his clients; he used a misleading trade name; and he engaged in conduct involving deceit, dishonesty and misrepresentation.

By way of mitigation, the parties submit that all but one of the incidents of misconduct recited above arose during a time when the Respondent was having serious marital problems. The parties also agree that the Respondent has refunded Crabtree's entire retainer and has substantially compensated and made arrangements for full compensation to Larrimore for the damage he may have sustained as a result of the Respondent's actions or inactions. These matters cannot and do not excuse Respondent's behavior nor do they alter the nature of the entire course of misconduct; they can, however, enter into the severity of the sanction.

Thus, this Court concludes that the disciplinary sanction agreed to by the parties, a suspension from the practice of law for a period of one year, is appropriate under the circumstances of this case. Accordingly, it is ordered that the Respondent, James B.

Miller, be, and he hereby is, suspended from practicing law in Indiana for a period of one year, beginning on May 21, 1984.

Costs of this proceeding are assessed against the Respondent.