IN THE

SUPREME COURT OF INDIANA

IN THE MATTER OF ) 

) Case No. 69S00-9411-DI-1071 ANONYMOUS
 )

____________________________________________________________________________

DISCIPLINARY ACTION 

____________________________________________________________________________

Per Curiam

In this disciplinary action, two partners in law practice have been charged with placing, in the telephone “Yellow Pages,” an advertisement that violated Rule 7.1(b) and 7.1(d)(4) of the 
Rules of Professional Conduct for Attorneys at Law
.   A hearing officer, appointed by this Court to hear this matter pursuant to Ind.Admission and Discipline Rule 23, Section (11)(b), has submitted his report, therein accepting the parties’ stipulated facts,  finding that the respondents violated the 
Rules of Professional Conduct
, and recommending that they be publicly reprimanded.  The respondents have petitioned this Court for review of the hearing officer’s recommendation, urging that a private reprimand is a more appropriate sanction.  We find that the respondents violated Ind.Professional Conduct Rule 7.1(b) and 7.1(d)(4) and that a private reprimand is appropriate under the 
circumstances of this case, but for the education of the public and the bar herein set forth the facts and circumstances of this case while preserving the anonymity of the respondents. 

We now find that the respondents placed the following advertisement in the Yellow Pages of 26 regional telephone directories for 1993-94:

[The respondents’ firm] has quickly become recognized as [a] premier personal injury law firm.  With 30 years trial experience and a support network to rival that of a larger city firm, [the firm] offers the track record and resources you need to win a settlement.  Don’t take chances with your case, put the team of [the firm] to work for you.

After the advertisement was published, the respondents first recognized that it might contain provisions not allowed by the
 Rules of Professional Conduct
.  They hired a law professor to review the advertisement and suggest modifications for publication in the next year’s edition of the Yellow Pages.  The modified text, as submitted to the directory publisher for the 1994-95 edition, was as follows:

[The respondents’ firm] is a personal injury law firm dedicated to the representation of accident victims . . . not insurance companies.  You don’t have to take chances with your case.  Put the team of [respondents] to work for you.

Despite the respondents’ attempts to change the text of published advertisement, including a demand on the publisher that the ads be modified to comply with the
 Rules of Professional Conduct
 consistent with the amended ad, the publisher of the directory apparently failed to ensure that the revised text appeared in all directories.  Accordingly, the original advertisement again appeared in some 1994-95 directories, and the respondents’ efforts to correct the defects continued into 1996.  

Indiana Professional Conduct Rule 7.1(b) provides:

A lawyer shall not, on behalf of himself, his partner or associate or any other lawyer affiliated with him or his firm, use, or participate in the use of, any form of public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.  

Indiana Professional Conduct Rule 7.1(c) provides: 

Without limitation a false, fraudulent, misleading, deceptive, self laudatory or unfair statement or claim includes a statement or claim which:

(1) contains a material misrepresentation of fact; 

(2) omits to state any material fact necessary to make the statement, in the light of all circumstances, not misleading; 

(3) is intended or is likely to create an unjustified expectation; 

(4) states or implies that a lawyer is a certified or recognized specialist other than as permitted by Rule 7.4; 

(5) is intended or is likely to convey the impression that the lawyer is in a position to influence improperly any court, tribunal, or other public body or official; 

(6) contains a representation or implication that is likely to cause an ordinary prudent person  to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation [or] implication not deceptive. 

The advertisements were clearly self laudatory.  Furthermore, by stating in their advertisement that the respondents “offer[ed] the track record and resources you need to win a settlement,” the respondents’ message was likely to create the unjustified expectation that similar results could be obtained in every claim or case they were hired to handle, without reference to the specific factual and legal circumstances of the particular claims or cases.  A person unfamiliar with personal injury litigation might understand the advertisement to promise that 
any
 claim or case handled by the respondents would result in a favorable settlement. 
 We conclude that the advertisement was misleading,
 deceptive, and self laudatory and thus violative of Prof.Cond.R. 7.1(b).   

Indiana Professional Conduct Rule 7.1(d)(4) provides:

A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which contains a statement or opinion as to the quality of the services or contains a representation or implication regarding the quality of legal services.

By describing themselves the “premier” personal injury law firm in their area, the respondents offered an opinion as to the quality of the services they render, implying that their legal services are better that those provided by other area practitioners.  
As such, the respondents’ advertisement
 contained at least an implication regarding the quality of legal services and thus violated Prof.Cond.R. 7.1(d)(4). 

Through their advertisement, the respondents sought to attract clients with the lure of unjustified expectations and clearly unverifiable statements.  Ideally, attorney advertising facilitates the process of informed selection of a lawyer by consumers of legal services.  
See
 Prof.Cond.R. 7.1(a).   Advertisements containing misleading or deceptive assertions make truly informed selection impossible and open the door for overreaching by lawyers.  

We note that the respondents recognized their errors and began efforts to correct the advertisement and bring it into compliance with the
 Rules of Professional Conduct
 before intervention by the Commission.   Their attempt at prompt action to rectify their flawed advertisement mitigates somewhat the severity of the misconduct.  We are therefore satisfied that a private reprimand is appropriate in this case. 

It is, therefore, ordered, that the respondents in this case be given a private reprimand for the misconduct set forth above.  

Costs are assessed against the respondents.