**In the Matter of Vaughn Arthur WAMSLEY.**

**No. 29S00–9906–DI–336.**

Supreme Court of Indiana.

March 13, 2000.

Ronald E. Elberger, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Charles M. Kidd, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

**DISCIPLINARY ACTION**

PER CURIAM.

Respondent Vaughn A. Wamsley's advertisement for his legal practice, promi-

nent on the back cover of the 1997 Indianapolis telephone directory, proclaimed, "Best Possible Settlement ... Least Amount of Time." That statement and others included in the advertisement represented misleading, deceptive, self-laudatory, and unfair claims and thus violated the *Rules of Professional Conduct for Attorneys at Law.* For that, we find today that the respondent should be publicly admonished.

This case commenced with the Disciplinary Commission's filing of a *Verified Complaint for Disciplinary Action.* The parties have now tendered to this Court an agreed resolution of this matter, wherein they agree that the respondent engaged in misconduct and propose a public reprimand for it. Ind.Admission and Discipline Rule 23(11.1)(c). We approve that agreement and herein describe the facts and circumstances of this case. The respondent's admission to the bar of this state in 1989 confers our disciplinary jurisdiction in this matter.

Turning to the facts of this case, the parties agree that the advertisement in question, appearing in space purchased by the respondent, included the following statements:

"Best Possible Settlement ... Least Amount of Time"

"My reputation, experience, and integrity result in most of our cases being settled without filing a complaint or lengthy trial."

"I have helped thousands who have been seriously hurt or lost a loved one."

The Commission has charged that the respondent violated Ind.Professional Conduct Rule 7.1(b). Professional Conduct Rule 7.1 provides, in relevant part:

(b) A lawyer shall not, on behalf of himself, his partner or associate or any other lawyer affiliated with him or his firm, use, or participate in the use of, any form of public communication containing a false, fraudulent, misleading, decep-

tive, self-laudatory or unfair statement or claim.

. . .

(c) Without limitation a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim includes a statement or claim which:

(1) contains a material misrepresentation of fact;

(2) omits to state any material fact necessary to make the statement, in the light of all circumstances, not misleading;

(3) is intended or is likely to create an unjustified expectation;

(4) states or implies that a lawyer is a certified or recognized specialist other than as permitted by Rule 7.4;

(5) is intended or is likely to convey the impression that the lawyer is in a position to influence improperly any court, tribunal, or other public body or official;

(6) contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation of implication not deceptive.

(d) A lawyer shall not, on behalf of himself, his partner or associate, or any other lawyer affiliated with him or his firm, use or participate in the use of any form of public communication which:

(1) is intended or is likely to result in a legal action or a legal position being asserted merely to harass or maliciously injure another;

(2) contains statistical data or other information based on past performance or prediction of future success;

(3) contains a testimonial about or endorsement of a lawyer;

(4) contains a statement or opinion as to the quality of the services or contains a representation or implication regarding the quality of legal services;

(5) appeals primarily to a lay person's fear, greed, desire for revenge, or similar emotion; or

(6) is prohibited by Rule 7.3.[1]

 By claiming that he could obtain the best possible settlement in the least amount of time, the respondent likely created an unjustified expectation of such a result in any case the respondent agreed to handle. *See* Prof.Cond.R. 7.1(c)(3). As such, the statement is misleading, deceptive, self-laudatory, and unfair and thus violated Prof.Cond.R. 7.1(b). That statement, along with the respondent's assertion that his reputation, experience, and integrity result in most cases being settled without the filing of a complaint or a lengthy trial, also constitutes an opinion of and contains implications as to the quality of the respondent's legal services and is thus prohibited by Prof.Cond.R. 7.1(d)(4). Finally, by stating that he has helped thousands who have been seriously hurt or who have lost a loved one, the respondent offered statistical data or other information based on past performance and an implicit prediction of future success, statements that when appearing in lawyer advertising are prohibited by Prof.Cond.R. 7.1(d)(2).

 The agreement in resolution of this proceeding provides that the respondent should be publicly reprimanded for his actions. We approve of that discipline under

---

1. Professional Conduct Rule 7.1 also provides, in subsection (b), examples of permissible areas in which a lawyer may advertise:

In order to facilitate the process of informed selection of a lawyer by potential consumers of legal service, a lawyer may advertise so long as said advertising is done in a dignified manner. The following constitute examples of permissible areas in which a lawyer may advertise:

(1) name, including name of law firm and names of professional associates; addresses and telephone numbers;

(2) one or more fields of law in which the lawyer or law firm practices, using commonly accepted and understood definitions and designations;

(3) date and place of birth;

(4) date and place of admission to the bar of state and federal courts;

(5) schools attended, with dates of graduation, degrees and other scholastic distinctions;

(6) public or quasi-public offices;

(7) military service;

(8) legal authorships;

(9) legal teaching position;

(10) memberships, offices, and committee assignments, in bar associations;

(11) membership and offices in legal fraternities and legal societies;

(12) technical and professional licenses;

(13) memberships in scientific, technical and professional associations and societies;

(14) foreign language ability;

(15) names and addresses of bank references;

(16) prepaid or group legal services programs in which the lawyer participates;

(17) whether credit cards or other credit arrangements are accepted;

(18) office and telephone answering service hours;

(19) the following information:

(A) fee for an initial consultation;

(B) availability upon request of a written schedule of fees and/or an estimate of the fee to be charged for specific services;

(C) contingent fee rates provided that the statement discloses whether percentages are computed before or after deduction of costs;

(D) range of fees for services, provided that the statement discloses that the specific fee within the range which will be charged will vary depending upon the particular matter to be handled for each client and the client is entitled without obligation to an estimate of the fee within the range likely to be charged, in print size equivalent to the largest print used in setting forth the fee information;

(E) hourly rate, provided that the statement discloses that the total fee charged will depend upon the number of hours which must be devoted to the particular matter to be handled for each client and the client is entitled without obligation to an estimate of the fee likely to be charged, in print size at least equivalent to the largest print used in setting forth the fee information; and

(F) fixed fees for specific legal services, the description of which would not be understood or be deceptive, provided that the statement discloses that the quoted fee will be available only to clients whose matters fall into the services described and that the client is entitled without obligation to a specific estimate of the fee likely to be charged in print size at least equivalent to the largest print used in setting forth the fee information.

the facts of this case. When accomplished within ethical strictures, advertising of legal services facilitates the process of informed selection of lawyers by consumers of legal services. However, advertisements containing misleading or deceptive assertions make truly informed selection impossible. *See Matter of Anonymous,* 689 N.E.2d 442, 444 (Ind.1997). The respondent's advertisement divested those reading it of the opportunity to make a decision based on facts about the respondent and his qualifications as to whether to hire him. Accordingly, for the protection of the public, we find that the respondent's faulty advertisement warrants his public admonishment.

It is, therefore, ordered that the respondent is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.