FOR THE RESPONDENT FOR THE INDIANA SUPREME COURT
 DISCIPLINARY COMMISSION

Ronald E. Elberger Donald R. Lundberg, Executive Secretary
135 North Pennsylvania Charles M. Kidd, Staff Attorney
Indianapolis, IN 46204 115 West Washington Street, Ste. 1060
 Indianapolis, IN 46204

______________________________________________________________

 IN THE

 SUPREME COURT OF INDIANA

IN THE MATTER OF )
 ) Case No. 29S00-9906-DI-336
VAUGHN ARTHUR WAMSLEY )
_____________________________________________________________________

 DISCIPLINARY ACTION
____________________________________________________________________

 March 13, 2000

Per Curiam

 Respondent Vaughn A. Wamsley’s advertisement for his legal practice,
prominent on the back cover of the 1997 Indianapolis telephone directory,
proclaimed, “Best Possible Settlement . . . Least Amount of Time.” That
statement and others included in the advertisement represented misleading,
deceptive, self-laudatory, and unfair claims and thus violated the Rules of
Professional Conduct for Attorneys at Law. For that, we find today that
the respondent should be publicly admonished.
 This case commenced with the Disciplinary Commission’s filing of a
Verified Complaint for Disciplinary Action. The parties have now tendered
to this Court an agreed resolution of this matter, wherein they agree that
the respondent engaged in misconduct and propose a public reprimand for it.
Ind.Admission and Discipline Rule 23(11.1)(c). We approve that agreement
and herein describe the facts and circumstances of this case. The
respondent’s admission to the bar of this state in 1989 confers our
disciplinary jurisdiction in this matter.
 Turning to the facts of this case, the parties agree that the
advertisement in question, appearing in space purchased by the respondent,
included the following statements:
 “Best Possible Settlement . . . Least Amount of Time”

 “My reputation, experience, and integrity result in most of our cases
being settled without filing a complaint or lengthy trial.”

 “I have helped thousands who have been seriously hurt or lost a loved
one.”

 The Commission has charged that the respondent violated
Ind.Professional Conduct Rule 7.1(b). Professional Conduct Rule 7.1
provides, in relevant part:
 (b) A lawyer shall not, on behalf of himself, his partner or associate
 or any other lawyer affiliated with him or his firm, use, or
 participate in the use of, any form of public communication containing
 a false, fraudulent, misleading, deceptive, self-laudatory or unfair
 statement or claim.

 . . .

 (c) Without limitation a false, fraudulent, misleading, deceptive,
 self-laudatory or unfair statement or claim includes a statement or
 claim which:

 (1) contains a material misrepresentation of fact;
 (2) omits to state any material fact necessary to make the statement,
 in the light of all circumstances, not misleading;
 (3) is intended or is likely to create an unjustified expectation;
 (4) states or implies that a lawyer is a certified or recognized
 specialist other than as permitted by Rule 7.4;
 (5) is intended or is likely to convey the impression that the lawyer
 is in a position to influence improperly any court, tribunal, or other
 public body or official;
 (6) contains a representation or implication that is likely to cause
 an ordinary prudent person to misunderstand or be deceived or fails to
 contain reasonable warnings or disclaimers necessary to make a
 representation of implication not deceptive.

 (d) A lawyer shall not, on behalf of himself, his partner or
 associate, or any other lawyer affiliated with him or his firm, use or
 participate in the use of any form of public communication which:

 (1) is intended or is likely to result in a legal action or a legal
 position being asserted merely to harass or maliciously injure
 another;
 (2) contains statistical data or other information based on past
 performance or prediction of future success;
 (3) contains a testimonial about or endorsement of a lawyer;
 (4) contains a statement or opinion as to the quality of the services
 or contains a representation or implication regarding the quality of
 legal services;
 (5) appeals primarily to a lay person's fear, greed, desire for
 revenge, or similar emotion; or
 (6) is prohibited by Rule 7.3.[1]
 By claiming that he could obtain the best possible settlement in the
least amount of time, the respondent likely created an unjustified
expectation of such a result in any case the respondent agreed to handle.
See Prof.Cond.R. 7.1(c)(3). As such, the statement is misleading,
deceptive, self-laudatory, and unfair and thus violated Prof.Cond.R.
7.1(b). That statement, along with the respondent’s assertion that his
reputation, experience, and integrity result in most cases being settled
without the filing of a complaint or a lengthy trial, also constitutes an
opinion of and contains implications as to the quality of the respondent’s
legal services and is thus prohibited by Prof.Cond.R. 7.1(d)(4). Finally,
 by stating that he has helped thousands who have been seriously hurt or
who have lost a loved one, the respondent offered statistical data or other
information based on past performance and an implicit prediction of future
success, statements that when appearing in lawyer advertising are
prohibited by Prof.Cond.R. 7.1(d)(2).
 The agreement in resolution of this proceeding provides that the
respondent should be publicly reprimanded for his actions. We approve of
that discipline under the facts of this case. When accomplished within
ethical strictures, advertising of legal services facilitates the process
of informed selection of lawyers by consumers of legal services. However,
advertisements containing misleading or deceptive assertions make truly
informed selection impossible. See Matter of Anonymous, 689 N.E.2d 442,
444 (Ind. 1997). The respondent’s advertisement divested those reading it
of the opportunity to make a decision based on facts about the respondent
and his qualifications as to whether to hire him. Accordingly, for the
protection of the public, we find that the respondent’s faulty
advertisement warrants his public admonishment.
 It is, therefore, ordered that the respondent is hereby reprimanded
and admonished for the misconduct set forth herein.
 The Clerk of this Court is directed to provide notice of this order in
accordance with Admis.Disc. R. 23(3)(d) and to provide the clerk of the
United States Court of Appeals for the Seventh Circuit, the clerk of each
of the Federal District Courts in this state, and the clerk of the United
States Bankruptcy Court in this state with the last known address of
respondent as reflected in the records of the Clerk.
 Costs of this proceeding are assessed against respondent.

-----------------------
[1] Professional Conduct Rule 7.1 also provides, in subsection (b),
examples of permissible areas in which a lawyer may advertise:

 In order to facilitate the process of informed selection of a
 lawyer by potential consumers of legal service, a lawyer may advertise
 so long as said advertising is done in a dignified manner. The
 following constitute examples of permissible areas in which a lawyer
 may advertise:

 (1) name, including name of law firm and names of professional
 associates; addresses and telephone numbers;
 (2) one or more fields of law in which the lawyer or law firm
 practices, using commonly accepted and understood definitions and
 designations;
 (3) date and place of birth;
 (4) date and place of admission to the bar of state and federal
 courts;
 (5) schools attended, with dates of graduation, degrees and other
 scholastic distinctions;
 (6) public or quasi-public offices;
 (7) military service;
 (8) legal authorships;
 (9) legal teaching position;
 (10) memberships, offices, and committee assignments, in bar
 associations;
 (11) membership and offices in legal fraternities and legal societies;
 (12) technical and professional licenses;
 (13) memberships in scientific, technical and professional
 associations and societies;
 (14) foreign language ability;
 (15) names and addresses of bank references;
 (16) prepaid or group legal services programs in which the lawyer
 participates;
 (17) whether credit cards or other credit arrangements are accepted;
 (18) office and telephone answering service hours;
 (19) the following information:
 (A) fee for an initial consultation;
 (B) availability upon request of a written schedule of fees and/or an
 estimate of the fee to be charged for specific services;
 (C) contingent fee rates provided that the statement discloses whether
 percentages are computed before or after deduction of costs;
 (D) range of fees for services, provided that the statement discloses
 that the specific fee within the range which will be charged will vary
 depending upon the particular matter to be handled for each client and
 the client is entitled without obligation to an estimate of the fee
 within the range likely to be charged, in print size equivalent to the
 largest print used in setting forth the fee information;
 (E) hourly rate, provided that the statement discloses that the total
 fee charged will depend upon the number of hours which must be devoted
 to the particular matter to be handled for each client and the client
 is entitled without obligation to an estimate of the fee likely to be
 charged, in print size at least equivalent to the largest print used
 in setting forth the fee information; and
 (F) fixed fees for specific legal services, the description of which
 would not be understood or be deceptive, provided that the statement
 discloses that the quoted fee will be available only to clients whose
 matters fall into the services described and that the client is
 entitled without obligation to a specific estimate of the fee likely
 to be charged in print size at least equivalent to the largest print
 used in setting forth the fee information.