**In the Matter of Ricky Dean DOYLE.**

**No. 41S00–0508–DI–365.**

Supreme Court of Indiana.

Dec. 21, 2006.

### ORDER APPROVING CONDITIONAL AGREEMENT AND IMPOSING PUBLIC REPRIMAND

Come now the Indiana Supreme Court Disciplinary Commission and Ricky Dean Doyle, the respondent in this case, and tender for this Court's approval a *State-*

*ment of Circumstances and Conditional Agreement for Discipline* wherein the parties agree that the respondent violated the *Rules of Professional Conduct for Attorneys at Law.*

**Facts:** On May 3, 5 and 17, 2005, advertisements for respondent's law practice ran in the Franklin Daily Journal claiming specialization in several fields of law. Respondent lacked certification as a specialist in any of the stated fields of law.

**Violations:** Respondent's conduct violated Ind. Professional Conduct Rule 7.2(b) (2005): engaging in a form of public communication containing false, fraudulent, misleading, deceptive self-laudatory or unfair statement; and, 7.2(e) (2005): failing to review and approve representations made in an advertisement.

And this Court, being duly advised, now finds that the respondent engaged in misconduct and that the agreed discipline, a public reprimand, is appropriate under the circumstances of this case. We find further that the respondent has met the requirements of Ind.Admission and Discipline Rule 23, Section 17(a), by tendering to this Court the requisite affidavit. Accordingly, we find that the agreement should be approved.

IT IS, THEREFORE, ORDERED that the *Conditional Agreement for Discipline* tendered in this case is approved. In accordance therewith, the respondent, Ricky Dean Doyle, is to be given a public reprimand.

The Clerk of this Court is directed to forward a copy of this Order in accordance with the provisions of Admis.Disc.R. 23, Section 3(d). Costs of this proceeding are assessed against the respondent.

All Justices concur.