**In the Matter of Ricky D. DOYLE, Respondent.**

**No. 41S00–0612–DI–505.**

Supreme Court of Indiana.

Aug. 14, 2008.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer, the Honorable Heather Welch, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** Respondent maintained a bank account ("Account") into which he deposited client funds. Respondent did not identify the Account to the bank as an attorney trust account and did not maintain a dedicated ledger setting forth separate records of each client's funds deposit in the Account. Respondent also deposited his own funds into the Account, which he used for personal purposes.

Respondent represented a family ("Clients") in a personal injury action against an individual ("Motorist") arising out of an automobile accident Respondent took this case because he knew Clients personally. Respondent negotiated a settlement with Motorist's insurer and deposited the settlement funds into the Account. In August 2005. Respondent wrote five checks on the Account to pay his attorney fees, to pay third party creditor expenses related to the litigation, and to pay Clients the remainder. He gave Clients the check for their share and negotiated the check for his tees. Respondent, however, did not distribute the other checks to the third-party creditors. The nonpayment came to light around April 2006. and in August 2006. Respondent paid the creditors with cashier's checks.

Between his deposit of the settlement funds into the Account and the eventual payment of the third-party creditors, the balance in the Account was often inadequate to cover the litigation expenses and at points the Account had a negative balance.

During 2005 and 2006. Respondent was going through difficult events in his personal life. Respondent was cooperative with the Commission during its investigation and is remorseful for his misconduct. Respondent has received an agreed public reprimand for professional advertising violations. *See Matter of Doyle*, 858 N.E.2d 638 (Ind.2006).

**Violations:** The Court finds that Respondent violated these Indiana Admission and Discipline Rules prohibiting the following misconduct:

23(29)(a)(1): Failure to keep clients' funds in clearly identified trust account and failure to inform financial institution of nature of the account.

23(29)(a)(2): Failure to maintain and preserve clear record of date, amount source and explanation for funds held in trust.

23(29)(a)(3): Failure to maintain ledger with separate records for each client with funds deposited in account.

The Court finds that Respondent also violated Professional Conduct Rule 1.15(a). which prohibits commingling client and attorney funds.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning September 15, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect. Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

Respondent shall complete a program of training in the management of attorney trust accounts, which shall be subject to approval by the Commission. At the conclusion of this training. Respondent shall provide proof of completion to the Commission.

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.