ATTORNEY FOR THE RESPONDENTS
Kevin P. McGoff
Tammy J. Meyer
John C. Trimble

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
Donald R. Lundberg, Executive Secretary
Charles M. Kidd, Staff Attorney
Indianapolis, Indiana

_____

# In the
# Indiana Supreme Court



FILED

Sep 04 2008, 2:33 pm

CLERK
of the supreme court,
court of appeals and
tax court

_____

No. 49S00-0402-DI-82

IN THE MATTER OF:

SCOTT A. BENKIE,

*Respondent.*

_____

No. 49S00-0402-DI-83

IN THE MATTER OF:

DOUGLAS A. CRAWFORD,

*Respondent.*

_____

Attorney Discipline Action
Hon. Karen M. Love, Hearing Officer

_____

September 4, 2008

Per Curiam.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action" in each of these cases and the post-hearing pleadings of the parties. We find that Respondents, Scott A. Benkie and Douglas A. Crawford, engaged in attorney misconduct in their advertisements for their legal services.

Scott A. Benkie's and Douglas A. Crawford's admission to this state's bar in 1985 and 1986, respectively, subjects them to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4. For their misconduct, we find that Respondents should receive a public reprimand.

## Background

The case was submitted to the hearing officer on stipulated facts and exhibits. Respondents practice law as partners in the firm of Benkie & Crawford and used brochures to solicit clients for the firm. The two brochures at issue in this proceeding are "When You Need a Lawyer" and "We Work for You."

In "When You Need a Lawyer," which first appeared in 1996, Respondents represented that the firm has a "commitment to obtaining the best possible settlement for you and your family." In "We Work for You," which first appeared in 2001, Respondents describe several prior successful representations including the area of law, client names, amounts recovered, and other facts. "Legal Advertisement" appeared on each page of both brochures through 2004, at which time it was replaced with "Advertising Material."

Respondents filed both brochures with the Indiana Supreme Court Disciplinary Commission ("Commission") as required by Professional Conduct Rule 7.3(c). "When You Need a Lawyer" was sent to the Commission in 1996, with a letter stating it was being submitted for approval. The Commission responded with a letter stating that its does not render advisory opinions on the propriety of targeted solicitation letters. Respondents filed "We Work for You" with the Commission in 2001. Respondents filed revised versions of "When You Need a Lawyer" in 2003 and 2004. The Commission sometimes sends letters to lawyers advising them that the language of their submissions needs to be changed to comply with the Professional Conduct Rules. Respondents did not receive any such advisement.

The Commission charged Respondents with violating these Indiana Professional Conduct Rules that prohibit the following conduct: [1]

---

[1] The numbering of some of these rules, but not their substance, has been changed since the inception of this case. The current rule numbers are used in this opinion.

7.2(b): Use of a public communication containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

7.2(c)(3): Use of a statement intended or likely to create an unjustified expectation.

7.2(d)(2): Use of a public communication that contains statistical data or other information based on past performance or prediction of future success.

7.3(c): Solicitation of professional employment without the words "Advertising Material."

## Discussion

"Commitment to obtaining the best possible settlement." Respondents argue it is no violation to make a commitment to clients to obtain the best possible settlement for them. We agree with Respondents on this point. It is improper for an attorney to say he or she *can obtain* the best possible settlement for clients. *See* Matter of Wamsley, 725 N.E.2d 75, 77 (Ind. 2000). Such a statement promises a result and creates an unjustified expectation on the part of prospective clients. Respondents, by contrast, promised prospective clients only a *commitment* to their cases, which clients have every right to expect. We therefore find for Respondents on this charge.

Descriptions of prior representations. Respondents clearly used a public communication that contained information based on past performance, which is prohibited by Rule 7.2(d)(2). Respondents assert that they used quotations from newspaper articles and cited the name of the paper and dates of the articles. Thus, they argue, the information was already before the public and was objectively verifiable. The rule, however, makes no exception for such use. Moreover, the selective use and editing of such articles, which may not necessarily be accurate, could be misleading and lead to unjustified expectations by potential clients.

Respondents contend that a staff attorney for the Commission informally approved a solicitation letter submitted by a law firm that contained references to past successes and attached a favorable newspaper article. The propriety of that letter is not before this Court. Suffice it to say, however, that the fact that a staff attorney may have informally approved

objectionable material in one case does not mean rule violations by other attorneys must be excused.

"Legal Advertisement."  Respondents admit that their use of the phrase "Legal Advertisement" rather than "Advertising Material" was a rule violation, but they contend that it was merely technical and inadvertent.  Although the violation was inadvertent, we do not consider it to be a mere technicality.  Use of the phrase "Legal Advertisement" may create the impression that the Commission or some other body had reviewed it and found it to be "legal."

Lack of warning or assistance from the Commission.  The Rules of Professional Conduct provide:

> Every written, recorded, or electronic communication from a lawyer soliciting professional employment from a prospective client potentially in need of legal services in a particular matter, and with whom the lawyer has no family or prior professional relationship, shall include the words "Advertising Material" . . . .  **A copy of each such communication shall be filed with the Indiana Supreme Court Disciplinary Commission** at or prior to its dissemination to the prospective client. . . .  Each time any such communication is changed or altered, a copy of the new or modified communication shall be filed with the Disciplinary Commission at or prior to the time of its mailing or distribution. . . .

Prof. Cond. R. 7.3(c) (emphasis added).

Although this rule requires filing of advertising materials with the Commission, it does not require the Commission to review such materials for violations.  Indeed, reviewing every such letter, brochure, and other communication from every Indiana lawyer would be an impossible burden.  Nevertheless, the filing requirement serves several functions.  It preserves a record of lawyer advertising material in case a dispute arises.  Perhaps most importantly, such filing with the Commission encourages self-policing by lawyers.  The filing requirement also makes it possible for the Commission staff to spot at least some advertising materials that run afoul of the rules and to warn those lawyers of the need to correct the violations.  We do not wish to discourage this service to the bar and to the public, even though it cannot extend to every lawyer communication filed with the Commission.

4

We conclude that Respondents' lack of warning that their advertising material appeared to contain rule violations did not deny them due process of law or otherwise prejudice them. Still, the fact that Respondents sought advice from the Commission regarding their advertising material mitigates the degree of their culpability.

Sanction. Respondents have no prior history of disciplinary action. The hearing officer and the Commission recommend a public reprimand. We conclude this is an appropriate sanction under the circumstances of this case.

## Conclusion

The Court concludes that Respondents' use of the phrase "commitment to obtaining the best possible settlement" did not violate the Rules of Professional Conduct and finds for Respondents on this charge. The Court, however, concludes the Commission has demonstrated by clear and convincing evidence that Respondents committed the remaining violations as charged.

For Respondents' professional misconduct, the Court imposes a public reprimand.

The costs of this proceeding are assessed against Respondents. The hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

Shepard, C.J., and Dickson, and Boehm, JJ., concur.
Sullivan and Rucker, JJ., concur except that they would find no violation of Indiana Professional Conduct Rule 7.2(d)(2).