### In the Matter of J. Michael LOOMIS, Respondent.

### Robert A. Grubbs, Respondent.

### Robert J. Wray, Respondent.

### Nos. 02S00–0808–DI–422 to 02S00–0808–DI–424.

Supreme Court of Indiana.

May 7, 2009.

*PUBLISHED ORDER APPROVING STATEMENTS OF CIRCUMSTANCES AND CONDITIONAL AGREEMENTS FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme

Court Disciplinary Commission and Respondents have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" in each of the above cases, stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** On April 17, 2006, Respondents (and one other attorney who is not a respondent) formed "Attorneys of Aboite, LLC." Aboite is a township in Allen County, which is the county in which Respondents maintained law offices. Each Respondent represented clients individually and did not practice as a firm. Respondents used the names "Attorneys of Aboite, LLC" and "Attorneys of Aboite" in professional documents, communications, signage, telephone directory listings, numerous advertisements, and an internet website without revealing that they did not practice law as a firm. The State Board of Law Examiners never issued a certificate of registration for "Attorneys of Aboite, LLC" or "Attorneys of Aboite." In October 2008, Respondents ended the use of "Attorneys of Aboite" in all its forms. Respondents have no prior attorney discipline and cooperated with the Commission's investigation.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

7.2(b):  Use of a public communication (advertisement) containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

7.5(a):  Use of professional documents and communications containing a false, fraudulent, misleading, deceptive, self-laudatory or unfair statement or claim.

7.5(b):  Practicing under a name that is misleading as to the identity, responsibility, or status of those practicing thereunder, or is otherwise false, fraudulent, misleading, deceptive, self-laudatory or unfair, which includes practicing under a trade name.

**Discipline:** Respondents' use of "Attorneys of Aboite, LLC" and "Attorneys of Aboite" was improper for a number of reasons. Admission and Discipline Rule 7.5(b) states: "In that it is inherently misleading, a lawyer in private practice shall not practice under a trade name." The impropriety "Attorneys of Aboite" should have been apparent from *Matter of Miller,* 462 N.E.2d 76 (Ind.1984) (use of a trade name "Area Attorneys" was improper).

The use of "LLC" in the name implied to the public that Respondents were practicing law together as a limited liability company, not as individuals simply sharing office facilities, and that the requirements of Admissions and Discipline Rule 27 were met. These requirements include that the LLC maintain adequate professional liability insurance or other form of adequate financial responsibility for the protection of clients and that the State Board of Law Examiners investigated the LLC members and certified the LLC. *See* Admis. Disc. R. 27(g) and (i).

The parties suggest the appropriate sanction is a public reprimand. This sanction is consistent with discipline imposed in other cases involving misleading attorney communications. *See, e.g., Matter of Benkie,* 892 N.E.2d 1237 (Ind.2008); *Matter of Doyle,* 858 N.E.2d 638 (Ind.2006); *Matter of Wamsley,* 725 N.E.2d 75 (Ind. 2000). The Court, having considered the submissions of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.