**In the Matter of Robert R. FOOS.**

No. 49S00–0102–DI–73.

Supreme Court of Indiana.

June 28, 2002.

1999), *cert. denied,* 531 U.S. 858, 121 S.Ct. 143, 148 L.Ed.2d 94 (2000).

Karl L. Mulvaney, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

Robert R. Foos, Jr., an Indianapolis attorney admitted to the practice of law in this state in 1998, practiced exclusively as counsel for Warrior Insurance Company under the name "Conover & Foos, Litigation Section of the Warrior Insurance Group, Inc." Today, we find the use of that designation under those circumstances was misleading in violation of the *Rules of Professional Conduct.*

■ Following the appointment of a hearing officer in this matter, both parties stipulated to the facts and, upon petition for review, submitted legal issues directly to this Court for final resolution. Our review process in disciplinary cases is *de novo* in nature and includes a review of the

entire record presented. *Matter of Manns*, 685 N.E.2d 1071 (Ind.1997), *Matter of Young*, 546 N.E.2d 819 (Ind.1989).

■ We accept the parties' stipulations and now find that the respondent practiced law as an employee of Warrior Insurance Group, Inc. ("Warrior") with responsibilities that included providing insurance defense representation to individuals or entities insured by Warrior. Despite his exclusive employment arrangement with Warrior, the respondent utilized letterhead and otherwise held himself out to the public under the name "Conover & Foos," even though Conover and Foos as an entity was indistinguishable from Warrior. Following this Court's decision in *Cincinnati Insurance Co. v. Wills*, 717 N.E.2d 151 (Ind.1999),[1] the respondent and his colleagues changed their name from "Conover & Foos" to "Conover & Foos, Litigation Section of the Warrior Insurance Group, Inc." A lengthy disclaimer appeared at the bottom of the letterhead in small type, stating that the lawyers of Conover & Foos were the exclusive employees of Warrior Insurance Company. On May 1, 2001, they again changed their public designation to "Warrior Litigation Counsel."

The Commission charged the respondent with violating Ind. Professional Conduct Rules 7.2(a)[2] and 7.2(b)[3] by his use of

---

1. In that case, we held, insofar as it is relevant to this case, that the use of "law firm like names" for "captive law firms" to describe attorney-employees is prohibited by Prof. Cond.R. 7.2 because it misleadingly suggests they are outside counsel. *Cincinnati Insurance Co.* at 165.

2. Rule 7.2(a) provides that "[a] lawyer or law firm shall not use or participate in the use of professional cards, professional announcement cards, office signs, letterheads, telephone directory listings, law lists, legal directory listings, or a similar professional notice or device if it includes a statement or claim

that is false, fraudulent, misleading, deceptive, self-laudatory or unfair within the meaning of or that violates the regulations contained in Rule 7.1."

3. Rule 7.2(b) provides in part that "[a] lawyer shall not practice under a name that is misleading as to the identity, responsibility, or status of those practicing thereunder, or is otherwise false, fraudulent, misleading, deceptive, self-laudatory or unfair within the meaning of Rule 7.1, or is contrary to law. In that it is inherently misleading, a lawyer in private practice shall not practice under a trade name."

"Conover & Foos, Litigation Section of the Warrior Insurance Group, Inc." after this Court's decision in *Cincinnati Insurance Co.,* alleging that the designation was misleading as to the identity, responsibilities, and status of those practicing law exclusively as employees of Warrior.

The respondent argues that once he changed the designation following this Court's decision in *Cincinnati Insurance Co,* the amended name adequately disclosed that he was a member of a captive law firm and truthfully revealed the captive law firm's nature, especially since both Conover and Foos are in fact Indiana attorneys who defend Warrior. The Disciplinary Commission argues that the use of "Conover & Foos, Litigation Section of Warrior Insurance Group" for a group of employees who defend Warrior Insurance exclusively is misleading because the name strongly implies that the legal department of Warrior is a distinct entity with no corporate connection to the insurer.

In *Cincinnati Insurance Co.,* the exclusive lawyers for Cincinnati Insurance practiced under the name "Berlon & Timmel," with a disclaimer on their letterhead similar to that used by the respondent. We concluded that the use of "Berlon & Timmel" implied independence from Cincinnati Insurance Company, which could lead a potential client to believe incorrectly that the client's interests were being represented by an independent law firm. "[T]he representation that the attorney-employee is separate and independent from the employer is, at least, false, misleading and deceptive [and] may be fraudulent, depending on the circumstances under which the representation is made." *Cincinnati Insurance Co.* at 165 (other citations omitted). As such, we found that the use of the designation was misleading under Prof. Cond.R. 7.2. The same is true with respect to the use of "Conover & Foos" in

this case, even though the small-type disclaimer accompanying the designation states that the attorneys are "exclusively employed" by Warrior. The disclaimer appears on the bottom of the letterhead, away from the heading and the location of the "Conover & Foos" designation. As in *Cincinnati Insurance,* we believe that the disclaimer language which accompanies the name "Conover & Foos," especially in light of its location on the letter and the smaller type size, is not sufficient to negate the possible misconception of independence. Accordingly, we find that the respondent's use of the name "Conover & Foos, Litigation Section of the Warrior Insurance Group, Inc" is misleading and thus violates Prof.Cond.R. 7.2(a) and 7.2(b).

■ Having found misconduct, we must now assess an appropriate sanction. We have reprimanded attorneys who engaged in deceptive or misleading advertising. *See, e.g., Matter of Foster,* 630 N.E.2d 562 (Ind.1994) (public reprimand for advertising as a specialist and for obtaining information in party's name with party's permission, in light of no prior history of disciplinary action); *Matter of Wamsley,* 725 N.E.2d 75 (Ind.2000) (public reprimand for attorney's use of advertisement in which he claimed that he could obtain "best possible settlement" in "least amount of time"); *Matter of Huelskamp,* 740 N.E.2d 846 (Ind.2000) (attorney's mailing of misleading and improper advertising to recently arrested individuals). The use of a misleading law firm designation in this case deserves similar sanction.

It is, therefore, ordered that the respondent, Robert R. Foos, is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and the hear-

ing officer in this matter, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this State, and the Clerk of each of the United States Bankruptcy Courts in this state with the last known address of the respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.