FOR THE RESPONDENT

Marce Gonzales, Jr.
1000 E. 80th Place
Suite 502 N, Twin Towers
Merrillville, IN 46410

FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION

Donald R. Lundberg, Executive Secretary
Fredrick L. Rice, Staff Attorney
115 West Washington Street
Indianapolis, IN 46204

# In The

# Indiana Supreme Court

| | | |
|---|---|---|
| **IN THE MATTER OF** | ) | |
| | ) | **CASE NO. 45S00-0506-DI-280** |
| **JOHN M. HUGHES** | ) | |

## DISCIPLINARY ACTION

August 31, 2005

*Per Curiam*

We find that the respondent, John M. Hughes, violated Ind. Professional Conduct Rules 5.5(b) and 7.2(d). His violations consisted of assisting a person, who is not a member of the Indiana bar, in engaging in activities that constitute the unauthorized practice of law in this state, and, in failing to ensure that jurisdictional limitations on the privilege to practice law of lawyers in the firm are clearly listed on the firm's letterhead. We publicly reprimand and admonish him for this misconduct.

This case commenced with the filing on June 16, 2005 of a *Verified Complaint for Disciplinary Action* against respondent by the Indiana Supreme Court Disciplinary Commission. Our jurisdiction in this case is conferred by the admission of Hughes to the bar of this state on June 5, 1998. Before the appointment of a hearing officer in this matter, both parties stipulated to the facts and entered into a *Statement of Circumstances*

*and Conditional Agreement for Discipline*, pursuant to Indiana Rule of Admission and Discipline 23, Section 11(c).

As stipulated by the parties in this matter, we find relevant facts as follows. John M. Hughes was the principal in the Highland, Indiana law office of John M. Hughes & Associates. He was counsel of record for certain plaintiffs in a personal injury lawsuit in Jasper Superior Court. As counsel of record he personally was involved in the initial case management conference and also personally appeared at the final pre-trial conference. However, he did not personally attend to or handle certain case activities that occurred between those two events, including depositions of witnesses. Nor did respondent attend the mediation session that eventually helped in the final settlement of the case. Another lawyer in his office appeared for him on behalf of his clients.

The lawyer who did appear and represent the clients at both the depositions and the mediation session was Nick Zotos. He is a lawyer authorized to practice law in Michigan and also admitted to practice before the U.S. District Court for the Northern District of Indiana and before the 7th Circuit Court of Appeals. But, he is not authorized to practice law in Indiana. Zotos had previously worked for a Chicago law firm where he handled depositions and discovery matters for the firm throughout the country. He did this while he was only licensed to practice law in Michigan. Respondent was well aware of Zotos's credentials and employment history at the time he hired him and allowed him to engage in the pre-trial activities mentioned.

Respondent listed Zotos on the firm's letterhead as one of the three "Attorneys at Law" without a jurisdictional limitation beside his name. The greeting message on the law office's answering machine listed Nick Zotos as one of the law office's attorneys. Respondent also has acknowledged that there were two other instances where Zotos handled legal matters on his own for the law firm before respondent realized that it was inappropriate and he took steps to stop the practice.

We accept the parties' stipulations and now find that the respondent did assist a person who is not a member of the bar to engage in activities that constitute the unauthorized practice of law, and that he failed to ensure that proper notification was clearly listed on the firm's letterhead when a lawyer in the firm had jurisdictional limitations on his privilege to practice law. The respondent misled the public as well as

2

those doing business with his firm by representing that Mr. Zotos was authorized to practice law in Indiana.

Having found misconduct, we must now assess an appropriate sanction. We have reprimanded attorneys who have had similar violations in the past. *See, e.g., Matter of Foster*, 630 N.E.2d 562 (Ind. 1994) (public reprimand for advertising as a specialist and for obtaining information in party's name with party's permission, in light of no prior history of disciplinary action); *Matter of Wamsley*, 725 N.E.2d 75 (Ind. 2000) (public reprimand for attorney's use of advertisement in which he claimed that he could obtain "best possible settlement" in "least amount of time"); *Matter of Huelskamp*, 740 N.E. 2d 846 (Ind. 2000) (public reprimand for attorney's mailing of misleading and improper advertising to recently arrested individuals); *Matter of Foos*, 770 N.E.2d 335 (Ind. 2002) (public reprimand for attorney's use of law firm name that did not clearly indicate that law firm was an entity that was indistinguishable from insurance company); and, *Matter of Schwebel*, 824 N.E. 2d 670 (Ind. 2005) (public reprimand for attorney practicing under the trade name, "Personal Injury Clinic Law Office").

We have also clearly stated that a lawyer may not assist a person in performing activities that constitute the unauthorized practice of law. In *Matter of Anonymous*, 787 N.E.2d 883 (Ind. 2003) we held that a lawyer may not hire a suspended or disbarred attorney to perform work of any kind in a law office. And, here, we hold that a lawyer may not assist an unlicensed attorney to practice law in Indiana.

Therefore, it is ordered that the respondent, John M. Hughes, is hereby publicly reprimanded and admonished for his misconduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d). Costs of this proceeding are assessed against the respondent.