ATTORNEY FOR THE RESPONDENT

Pro se

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Angie L. Ordway, Staff Attorney
Indianapolis, Indiana

---



FILED

Sep 03 2010, 10:34 am

CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court

No. 10S00-1006-DI-288

IN THE MATTER OF:

ANONYMOUS,

*Respondent.*

Attorney Discipline Action

**September 3, 2010**

**Per Curiam.**

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline. The Respondent's admission to this state's bar subjects him to this Court's disciplinary jurisdiction. See IND. CONST. art. 7, § 4.

The Court approves the agreement and finds that Respondent engaged in attorney misconduct by assisting in the unauthorized practice of law in this state. For this misconduct, we find that Respondent should receive a private reprimand.

## Background

A Kentucky resident who was injured in a fall at a restaurant in Indiana sought legal assistance from a Kentucky lawyer, John Redelberger. Respondent agreed to serve as local Indiana counsel. Redelberger did not seek temporary admission to practice law in Indiana. Nevertheless, Redelberger and Respondent signed and filed an appearance for the client in an action filed in an Indiana trial court. Without Respondent, Redelberger signed and served answers to interrogatories and took depositions of witnesses in Indiana. After Redelberger appeared in court for the client, the judge informed Respondent that Redelberger was not admitted to practice in Indiana. Respondent told Redelberger that he must seek temporary admission and sent him a copy of the applicable rule. Neither Respondent nor Redelberger, however, followed through in obtaining temporary admission for Redelberger.

The parties cite no facts in aggravation. Facts in mitigation are: (1) Respondent has no prior discipline; (2) he cooperated with the Commission; (3) he did not act from a selfish or dishonest motive; and (4) he is remorseful.

## Discussion

The Indiana Supreme Court has exclusive jurisdiction over the admission to the practice of law in this state, the discipline of those admitted, and the unauthorized practice of law in this state. *See* IND. CONST. art. 7, § 4; Ind. Admis. Disc. R. 3(1); Ind. Admis. Disc. R. 23(1). The Court's authority to set standards for and to supervise the practice of law emanates from the need to protect the public from those who are not properly licensed or otherwise qualified to act as attorneys. *See* State ex rel. Disciplinary Comm'n v. Owen, 486 N.E.2d 1012, 1014 (Ind. 1986). To exercise this authority, it is essential that the Court know who is practicing law in Indiana. This Court has established procedures for general admission to practice in this state, *see* Ind. Admis. Disc. R. 6 through R. 22, and maintains a record of all attorneys so admitted, *see* Ind. Admis. Disc. R. 4. As a matter of comity, this Court has also established a procedure under which attorneys not admitted in Indiana may be granted temporary admission (also called

admission *pro hac vice*) in cases pending in courts and other tribunals in this state if there is good cause for such appearance. *See* Ind. Admis. Disc. R. 3(2).

Before an out-of-state attorney petitions for temporary admission to appear in an Indiana court, he or she must pay a temporary admission fee to the Clerk of the Supreme Court and obtain a temporary admission attorney number from the Clerk. *See* Admis. Disc. R. 3(2)(a)(3). Only then may the out-of-state attorney file a "Verified Petition for Temporary Admission" in the court in which the case is pending. If that court enters an order granting temporary admission in the case, the out-of-state attorney is required to file a "Notice of Temporary Admission" with the Clerk of the Supreme Court within 30 days of the date of order. *See* Admis. Disc. R. 3(2)(b). If the attorney fails to do so, the attorney is automatically excluded from the practice of law in all actions in this State. *See* id. Automatic exclusion from practice also results if the attorney fails to pay his or her annual renewal fee for each new calendar year. *See* Admis. Disc. R. 3(2)(c). An out-of-state attorney may be charged with the unauthorized practice of law for actions taken in any Indiana case while under automatic exclusion from practice. *See* Admis. Disc. R. 3(2)(f)(3).

The participation of Indiana co-counsel in the temporary admission process is of vital importance to this Court's ability to supervise out-of-state attorneys practicing in this state. This is no minor or perfunctory duty. Not all attorneys seeking temporary admission will be granted the privilege of practicing in Indiana. *See* Matter of Fieger, 887 N.E.2d 87 (Ind. 2008) (two-year bar on applying for temporary admission imposed for misrepresentations in petition for temporary admission). Thus, an out-of-state attorney may seek temporary admission in an Indiana court only if a member of the bar of this state has appeared and agreed to act as co-counsel. *See* Admis. Disc. R. 3(2)(a)(1). Indiana co-counsel must co-sign the out-of-state attorney's petition for temporary admission, which must include the attorney's temporary admission number and a receipt showing that the attorney has paid the temporary admission fee. *See* Admis. Disc. R. 3(2)(a)(4). Indiana co-counsel must also sign all briefs, papers and pleadings in the case and is jointly responsible for them. *See* Admis. Disc. R. 3(2)(d). This signature constitutes a certificate that, to the best of co-counsel's knowledge, information and belief, there is good ground to support the document. *See* id. Indiana co-counsel is subject to

discipline if the out-of-state attorney fails to satisfy the requirements of the rule governing temporary admission.  *See* Admis. Disc. R. 3(2)(e); <u>Matter of Hughes</u>, 833 N.E.2d 459 (Ind. 2005) (Indiana lawyer publicly reprimanded for assisting the unauthorized practice of law by allowing Michigan attorney to handle depositions and mediation in Indiana case).

In the current case, Kentucky lawyer Redelberger ignored the rules setting forth the procedures for obtaining temporary admission in Indiana.  Respondent failed to discharge his responsibility to ensure that Redelberger was properly admitted to practice in the state before signing an appearance with him and allowing him to appear in court and take depositions in Indiana.  Respondent abdicated his joint responsibility for documents in the case by allowing Redelberger alone to sign answers to interrogatories.  When notified by the trial court that Redelberger was not admitted to practice in Indiana, Respondent's inadequate response was to give Redelberger a copy of the applicable rule, which apparently neither Redelberger nor Respondent had consulted up to that point.   As a result, this Court had no notice that Redelberger was practicing law in Indiana.

The failure of out-of-state attorneys and their Indiana co-counsel to comply with the rule governing temporary admission is neither trivial nor rare.  Thus far in 2010, the Clerk has issued over 600 notices of automatic exclusion from practice, and this Court has entered orders granting relief from automatic exclusion to over 140 out-of-state attorneys.[1]  The need for this would be nearly eliminated if all Indiana co-counsel complied with their ethical duty to ensure that attorneys granted temporary admission in Indiana comply with Admission and Discipline Rule 3(2).[2]

---

[1] It is likely that a good number of automatically excluded attorneys are not currently practicing in Indiana but rather failed to comply with the requirement to notify the Clerk that the case in which they appeared concluded or they withdrew their appearances prior to 2010.  *See* Admis. Disc. R. 3(2)(c). Those attorneys nevertheless remain excluded from practice in Indiana in future cases until these defaults are cured.

[2] A small number of automatic exclusions result from a trial court's failure to serve an order granting temporary admission in time for the out-of-state attorney to file it with this Court within 30 days.  The vast majority of automatic exclusions result from procedural defaults by out-of-state attorneys, for which Indiana co-counsel are also responsible.  *See* Admis. Disc. R. 3(2)(e).

The Court will approve the parties' suggestion that Respondent receive a private reprimand under the circumstances of this case. However, Indiana attorneys serving as local counsel for out-of-state attorneys are hereby advised of the importance of their duty to ensure complete and timely compliance with all the requirements of Admission and Discipline Rule 3(2). Indiana attorneys who neglect that duty in future cases may be subject to more stringent discipline, and out-of-state attorneys who fail to comply with this rule may be sanctioned for the unauthorized practice of law in this state.

## Conclusion

The Court concludes that Respondent violated Professional Conduct Rule 5.5(a) by assisting in the unauthorized practice of law in this state.

The agreement submitted by Respondent and the Commission to resolve this case will be accepted by separate order, and Respondent will be privately reprimanded. The costs of this proceeding are assessed against Respondent.

The Clerk of this Court is directed to give notice of this opinion to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this opinion to the Court's website, and Thomson Reuters is directed to publish a copy of this opinion in the bound volumes of this Court's decisions.

All Justices concur.