**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 27 2013, 5:38 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**P. ADAM DAVIS**
Davis & Sarbinoff, LLP
Indianapolis, Indiana

APPELLEE PRO SE:

**DAVID M. DUREE**
O'Fallon, Illinois

ATTORNEY FOR APPELLEE
DAVID M. DUREE & ASSOCIATES, P.C.:

**THOMAS K. REYNOLDS**
Lebanon, Indiana

ATTORNEYS FOR APPELLEES JOHN R.
PRICE AND JOHN R. PRICE &
ASSOCIATES:

**MICHAEL E. BROWN**
Kightlinger & Gray, LLP
Indianapolis, Indiana

**CRYSTAL G. ROWE**
Kightlinger & Gray, LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

MIKE ELLIS, DEBRA ELLIS,                                )
VJJ&A TRANSPORT, INC., BOB HOPKINS,       )
KATHLEEN HOPKINS, JOHN GOMES,                )
JOHN DUNN, COLLET EUGENE                          )
HARRINGTON, SAZZIP, LLC, KIM NEAL,           )
AFIFA ABDELMALEK, ST. MARKORIOS             )
CORP., KAPZA, INC., MARIANN DUNN,            )
D & G RESTAURANT, LLC, SHAWN WHITE,      )

JAMIE G. AUGENSTEIN-WHITE,            )
CASUAL CONCEPTS OF TEXAS, LLC,       )
JASON CLARK, NICAN ENTERPRISES, INC.,  )
THOMAS BRINTLE,                       )
NOBLE ROMAN'S MT. AIRY 100, LLC,     )
BRENDA VILLASENOR, HENRY             )
VILLASENOR, H & B VILLASENOR         )
INVESTMENTS, PAUL MORRIS,            )
MARIKATE MORRIS, MOPAN               )
COMMERCE, INC., KARI HEYSER,         )
FRED ERIC HEYSER, and                )
MECK ENTERPRISES, LLC,               )
                                      )
        Appellants-Plaintiffs/Counterdefendants,  )
                                      )
        vs.                           )        No. 29A02-1212-PL-978
                                      )
DAVID M. DUREE and                   )
DAVID M. DUREE & ASSOCIATES, P.C.,   )
                                      )
        Appellees-Defendants/Counterclaimants,  )
                                      )
        and                           )
                                      )
JOHN R. PRICE and                    )
JOHN R. PRICE & ASSOCIATES,          )
                                      )
        Appellees-Defendants.         )

---

APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable Stephen R. Nation, Judge
Cause No. 29D01-1005-PL-919

---

**November 27, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Mike Ellis, Debra Ellis, VJJ&A Transport, Inc., Bob Hopkins, Kathleen Hopkins, John Gomes, John Dunn, Collet Eugene Harrington, Sazzip, LLC, Kim Neal, Afifa Abdelmalek, St. Markorios Corporation, Kapza, Inc., Mariann Dunn, D & G Restaurant, LLC, Shawn White, Jamie G. Augenstein-White, Casual Concepts of Texas, LLC, Jason Clark, Nican Enterprises, Inc., Thomas Brintle, Noble Roman's Mt. Airy 100, LLC, Brenda Villasenor, Henry Villasenor, H & B Villasenor Investments, Paul Morris, Marikate Morris, Mopan Commerce, Inc., Kari Heyser, Fred Eric Heyser, and Meck Enterprises, LLC,[1] (collectively referred to as "Clients") hired David M. Duree, an out-of-state attorney not licensed to practice law in Indiana, to represent them in a common law fraud suit against Noble Roman's, Inc. ("the Underlying Case"). Duree hired attorney John R. Price to sponsor his pro hac vice application for temporary admission to the Indiana State Bar.

During a hearing in the Underlying Case, Duree stated that the complaint did not plead a claim for constructive fraud. In addition, the trial court revoked Duree's pro hac vice admission after Duree filed improperly notarized affidavits. Duree withdrew his appearance, and Clients hired new counsel.

---

[1] We have followed the designation of the parties in the chronological case summary, Appellants' Appendix at 5, but we observe that in their briefs the parties identify Meck as Meck Enterprises, Inc.

3

Clients then filed a complaint against Duree and his law firm for breach of contract to represent them in the Underlying Case and legal malpractice for waiving a constructive fraud claim ("the Instant Lawsuit"). Clients' complaint also included a claim against Price and his law firm, alleging that they were jointly liable for Duree's actions in the Underlying Case. Duree and his law firm filed motions for summary judgment on the claims of (1) Kari and Fred Eric Heyser, (2) Paul and Marikate Morris and Kapza, and (3) Brenda and Henry Villasenor. In addition, Price and his law firm filed a motion for summary judgment as to all of Clients' claims against them. The trial court granted Duree's and his law firm's motions for summary judgment against (1) the Heysers because they failed to list their claims in their bankruptcy estate, (2) the Morrises and Kapza because they voluntarily dismissed their complaint in the Underlying Case, and (3) the Villasenors because their complaint was dismissed as a contempt sanction in the Underlying Case. The trial court also granted Price and his law firm's summary judgment motion because Price did not participate in or have any knowledge of the improperly notarized affidavits and therefore was not a proximate cause of Clients' alleged damages.

The Heysers, the Morrises and Kapza, and the Villasenors appeal the summary judgment rulings in favor of Duree and his law firm. Clients also appeal the summary judgment ruling in favor of Price and his law firm. The Heysers argue that summary judgment is improper because the trial court had already ruled in their favor on the failure to list their claims in their bankruptcy estate. We conclude that the trial court's previous rulings were not equivalent to its summary judgment ruling, and that even if the trial court had

4

previously ruled in their favor on this issue, the court has inherent power to reconsider, vacate, or modify any previous order until the entry of final judgment.

The Morrises and Kapza argue that summary judgment against them is improper because (1) as for their breach of contract claim, their voluntary dismissal of their complaint in the Underlying Case does not affect the fact that they still had to hire an hourly attorney to represent them after Duree's admission was revoked; and (2) as for their legal malpractice claim, their voluntary dismissal was an effort to mitigate damages, and therefore Duree's waiver of the constructive fraud claim was still the proximate cause of their damages. We conclude that summary judgment against the Morrises on their breach of contract claim is proper because they failed to list their claims in their bankruptcy estate. However, we conclude that summary judgment against Kapza on its breach of contract claim is improper because, even though Kapza ultimately dismissed its complaint in the Underlying Case, it still had to hire an attorney to represent it after Duree's admission was revoked. We further conclude that summary judgment on the Morrises' and Kapza's legal malpractice claims is proper because they voluntarily dismissed their complaint in the Underlying Case, and therefore Duree's actions were not the proximate cause of their damages.

The Villasenors argue that summary judgment against them is improper for the same reasons that summary judgment against the Morrises is improper. We conclude that the Villasenors failed to present a cogent argument supported by authority, and therefore they waived their argument.

As for the trial court's ruling in favor of Price and his law firm, Clients argue that summary judgment is improper because Price's failure to sign the improper affidavits was a violation of the Indiana Admission and Discipline Rules governing the temporary admission of out-of-state attorneys. We are unpersuaded by Clients' argument that the Admission and Discipline Rules, as opposed to the Indiana Rules of Professional Conduct, were intended to serve as evidence of the applicable standard of care in legal malpractice cases. Moreover, even if they were, the undisputed evidence shows that Price did not participate in or have any knowledge of the improperly notarized affidavits, and therefore Price's actions and/or inactions were not the proximate cause of Clients' alleged damages.

Therefore, we reverse the summary judgment ruling in favor of Duree and his law firm on Kapza's breach of contract claim. We affirm all remaining summary judgment rulings.

## Facts and Procedural History[2]

### *The Underlying Case*

The facts most favorable to the nonmoving parties, Clients, follow. Duree is an attorney who is not licensed to practice in Indiana, and his firm is David M. Duree & Associates, P.C., ("Duree-Associates") (sometimes collectively referred to as "the Duree Lawyers"). Clients hired Duree based on a contingency fee agreement to represent them in an Indiana lawsuit against Noble Roman's. Duree hired Price to sponsor his pro hac vice application for temporary admission to the Indiana bar to represent Clients. Price is a licensed Indiana attorney, and his firm is John R. Price & Associates ("Price-Associates") (sometimes collectively referred to as "the Price Lawyers").

In June 2008, Duree as lead counsel and Price as local counsel filed a complaint on behalf of Clients alleging common law fraud against Noble Roman's. As the case progressed, Noble Roman's filed a motion to strike some of the Clients' affidavits and a motion to revoke Duree's pro hac vice admission. The trial court held a hearing on the motions, during which Duree stated that the complaint against Noble Roman's did not plead a claim for constructive fraud. *Heyser v. Noble Roman's, Inc.*, 933 N.E.2d 16, 18 (Ind. Ct.

---

[2] Clients' counsel did not set forth the statement of facts in narrative form as required by Indiana Appellate Rule 46(A)(6). Also, in the table of contents and the statement of the issues, Clients' counsel used multiple undefined abbreviations to refer to various court orders and groups of parties, which was confusing. For example, when reading that the trial court granted "the Heyser MSJ," it suggests that the trial court granted the Heysers' motion for summary judgment, but "the Heyser MSJ," actually refers to Duree's and his law firm's summary judgment motions against the Heysers. Appellant's' Br. at i. In addition, the use of "the Lawyers" is unhelpful when there were multiple groups of lawyers involved in the lawsuit. *Id.* at 1. We request that counsel refrain from using undefined abbreviations in the table of contents and the statement of the issues.

App. 2010), *trans. denied* (2011). In March 2009, the trial court entered an order that struck the Clients' affidavits because they were improperly notarized, granted leave to Clients to refile the affidavits with declarations attached, and revoked Duree's pro hac vice admission. Duree's Appellee's App. at 2-3. As to the revocation of Duree's pro hac vice admission, the order stated,

> Mr. Duree made no attempt to explain his actions in notarizing documents when the persons were not present before him and the persons were not placed under oath. Mr. Duree instead focused on why the affidavits should be admissible under Trial Rule 11. The Court finds that Mr. Duree showed no remorse for his actions even though such actions may constitute a criminal and/or unethical act.

*Id*. at 3. Price remained Clients' attorney of record in the Noble Roman's case until May 2009, when P. Adam Davis entered his appearance on their behalf.

In February 2010, Davis withdrew as attorney for the Morrises and Kapza. In April 2010, the Morrises and Kapza filed a voluntary motion to dismiss their claims against Noble Roman's with prejudice, which the trial court granted on May 5, 2010.

In July 2010, the trial court issued an order, finding the Villasenors in contempt for failing to appear for court-ordered depositions and dismissing their claims against Noble Roman's with prejudice as well as the claims of H & B Villasenor Investments. Appellants' App. at 284.

During 2010, Noble Roman's filed motions for summary judgment against all remaining Clients. The trial court granted the motion against all plaintiffs except Afifa Abdelmalek, an Indiana resident who had a claim for violation of the Indiana Franchise Disclosure Act.

The Morrises filed for Chapter 7 bankruptcy on October 6, 2009, and were discharged on July 13, 2010. The Heysers filed for Chapter 7 bankruptcy on October 29, 2009, and were discharged on February 16, 2010.

*The Instant Lawsuit*

On May 21, 2010, Clients, represented by Davis, filed a complaint against the Duree Lawyers and the Price Lawyers, alleging the following: Count I, the Duree Lawyers breached their contract to represent Clients in the Noble Roman's case; Count II, the Duree Lawyers committed legal malpractice in the Noble Roman's case by waiving Clients' claim for constructive fraud and by failing to advise Clients of any past disciplinary matters, experience in similar types of cases, and the chances of the lawsuit's success; and Count III, the Price Lawyers are jointly responsible for the Duree Lawyers' actions in the Noble Roman's case. *Id*. at 170-74.

On June 4, 2010, Duree filed his answer, affirmative defenses, and a counterclaim. Count I of Duree's counterclaim was a claim for $19,251.60 for out-of-pocket expenses against some individual Clients, jointly and severally, including the Villasenors. Count II of Duree's counterclaim was an abuse of process claim against Davis and his law firm Davis & Sarbinoff, LLP (sometimes collectively referred to as "the Davis Lawyers"). In Count II, Duree alleged that the Davis Lawyers knew or should have known that the Morrises' and the Heysers' claims were barred by the Bankruptcy Code because these parties had not listed their claims against the Duree Lawyers as part of their bankruptcy estates. *Id*. at 36-60.

On June 25, 2010, Duree-Associates filed a motion to dismiss Clients' complaint for failure to state a claim upon which relief can be granted. Duree-Associates argued that the complaint did not allege that the defendants failed to exercise ordinary skill and knowledge, a specific breach of duty, specific damages, or facts establishing a breach of duty or specific damages resulting therefrom. *Id.* at 61.

On July 14, 2010, Duree served requests for admissions on Clients. The requests for admissions directed to the Heysers asked them to admit, in relevant part, that they filed for Chapter 7 bankruptcy on October 29, 2009, that they did not include or list as assets of the bankruptcy estate any of the claims in their complaint against the Duree Lawyers and the Price Lawyers, and that they were discharged from bankruptcy on February 16, 2010. The requests for admissions directed to the Morrises asked them to admit, in relevant part, that they filed for Chapter 7 bankruptcy on October 6, 2009, that they did not include or list as assets of the bankruptcy estate any of the claims in their complaint against the Duree Lawyers and the Price Lawyers, and that they were discharged from bankruptcy on July 13, 2010. Neither the Heysers nor the Morrises responded to the requests for admissions.

Also on July 14, 2010, the Davis Lawyers moved to dismiss Count II of Duree's counterclaim for abuse of process against them. On July 20, 2010, Duree filed a response to the Davis Lawyers' motion to dismiss. On August 9, 2010, the Davis Lawyers filed a reply in support of their motion to dismiss. They attached a copy of an August 2, 2010 email from the Heysers' bankruptcy trustee to Davis, which stated that the trustee decided not to pursue the litigation against Duree on behalf of the Heysers' bankruptcy estate, that he believed the

Heysers would be amending their bankruptcy schedules to include the litigation as an asset, and that it was his intention to abandon that asset. *Id*. at 129. In addition, the Davis Lawyers attached a copy of a July 29, 2010 email from the Morrises' bankruptcy trustee to Davis stating that he "decided not to seek to administer as an asset any cause of action against Mr. Duree and therefore it will not be necessary to seek to employ your firm as special counsel." *Id*. at 131.

Also on August 9, 2010, Clients filed a response in opposition to Duree-Associates' motion to dismiss their complaint. *Id*. at 105. Clients did not attach copies of the Heysers' or the Morrises' bankruptcy trustees' emails. On August 25, 2010, Duree-Associates filed a reply to Clients' response in opposition to its motion to dismiss, arguing that the complaint failed to allege that any conduct or omission of the defendants caused Clients to receive a less favorable outcome in the Noble Roman's case than they otherwise would have. *Id*. at 145. It also argued that the Morrises voluntarily dismissed their claims with prejudice in the Noble Roman's case and that the trial court dismissed the claims of the Villasenors and H & B Villasenor Investments as a sanction for the Villasenors' failure to comply with court orders.

On September 22, 2010, Duree filed a motion for an order determining that the requests for admissions served on Clients were deemed admitted. On January 4, 2011, the trial court held a hearing on this motion, as well as on Duree-Associates' motion to dismiss Clients' complaint and the Davis Lawyers' motion to dismiss Duree's counterclaim. At the hearing, Davis stated that he knew about the Morrises' and the Heysers' bankruptcies but did

not know that he needed the permission of the bankruptcy court to file lawsuits on their behalf until he received Duree's abuse of process counterclaim against him and his law firm. *Id*. at 455-56.

On June 6, 2011, the trial court issued an order ("the June 6, 2011 Order"), which in relevant part (1) denied Duree-Associates' motion to dismiss Clients' complaint; (2) granted the Davis Lawyers' motion to dismiss Duree's counterclaim for abuse of process; and (3) granted Duree's request for a determination that Clients had admitted the requests for admissions (with an exception not relevant to this appeal). *Id*. at 1095.

On June 20, 2011, Duree-Associates filed its answer, affirmative defenses, and counterclaim. The counterclaim was one count against certain individual Clients seeking reimbursement of out-of-pocket expenses incurred in the Underlying Case. *Id*. at 646-48. On June 27, 2011, Clients filed their answer to Duree-Associates' counterclaim. *Id*. at 650-53. Clients also filed a motion to strike paragraphs 29 and 30 of Duree-Associates' affirmative defenses. Paragraph 29 alleged that Clients' complaint failed to state a claim upon which relief can be granted. Paragraph 30 alleged that the Heysers and the Morrises failed to list their claims against Duree-Associates in their bankruptcy estates and therefore were barred by the Bankruptcy Code and principles of judicial estoppel from pursuing claims against it. In their motion to strike, Clients argued that paragraphs 29 and 30 directly contradicted the June 6, 2011 Order, which "found that (1) Counts I and II of the Complaint state claims for which relief may be granted and (2) that the Morris and Heyser claims [were] properly before [the] Court." *Id*. at 654.

12

Meanwhile, in September 2010, Duree had filed motions for summary judgment on (1) the Heysers' claims against him, alleging that they admitted that they did not list their claims as assets in their bankruptcy estate; (2) the Morrises' and Kapza's claims against him, alleging that the Morrises and Kapza voluntarily dismissed their complaint against Noble Roman's and that the Morrises failed to list their claims in their bankruptcy estate; and (3) the Villasenors' and H & B Villasenor Investments' claims against him, alleging that the trial court in the Underlying Case dismissed their complaint as a contempt sanction. In addition, Duree filed a motion for summary judgment on Count I of his counterclaim against the Villasenors for $19,251.60 for out-of-pocket expenses. On July 18, 2011, Duree-Associates filed a motion for summary judgment on the claims of the Heysers, the Morrises, Kapza, the Villasenors, and H & B Villasenor Investments by adopting Duree's motions for summary judgment.

On May 26, 2011, the Price Lawyers filed a motion for summary judgment on all claims against them. *Id*. at 523.

On January 11, 2012, Duree filed a motion for an order holding Clients in contempt for failing to provide responses to interrogatories and produce requested documents by the court-ordered deadline. *Id*. at 803.

On February 21, 2012, the trial court held a hearing on Clients' motion to strike Duree-Associates' affirmative defenses paragraphs 29 and 30, the Duree Lawyers' summary judgment motions, the Duree Lawyers' motions to dismiss Clients' complaint, the Price Lawyers' motion for summary judgment, and Duree's motion for a contempt order. On

13

September 11, 2012, the trial court issued the order from which Clients appeal ("the September 11, 2012 Order"), in which it (1) granted Clients' motion to strike Duree-Associates' affirmative defenses paragraphs 29 and 30; (2) granted the Duree Lawyers' motions for summary judgment against the Heysers based on their failure to list their claims in their bankruptcy schedules; (3) granted the Duree Lawyers' motions for summary judgments against the Morrises and Kapza based on their voluntary dismissal of their complaint in the Underlying Case; (4) granted the Duree Lawyers' motions for summary judgment against the Villasenors based on the involuntary dismissal of their claims as a sanction for failure to comply with court orders;[3] (5) took Duree's request for $19,251.60 from the Villasenors in Count I of his counterclaim under advisement because the Villasenors might have filed for bankruptcy and Clients' counsel was requested to notify the trial court within thirty days of the Villasenors' bankruptcy status; (6) denied the Duree Lawyers' motions to dismiss Clients' complaint and ordered Clients to immediately respond to discovery and/or supplement discovery as necessary; (7) granted Duree's motion for an order holding Clients in contempt for failing to respond to discovery as ordered but took "under advisement the imposition of any sanction until it determined whether pursuant to this Order [Clients] properly answered, responded and/or supplemented discovery in this cause;" (8) granted the Price Lawyers' motion for summary judgment against all Clients; and (9) found "that there is no just reason for delay and direct[ed] entry of final judgment concerning the

---

[3] The trial court did not address the summary judgment motion with respect to H & B Villasenor Investments.

14

rulings as set forth in this Order." Duree's Appellee's Br. at A-9. This appeal ensued.

Additional facts will be provided as necessary.

**Discussion and Decision**

*Standard of Review*

This is an appeal from the trial court's grants of summary judgment in its September

11, 2012 Order.[4] Specifically, the Heysers, the Morrises and Kapza, and the Villasenors

appeal the grant of summary judgment in favor of the Duree Lawyers. In addition, all Clients

appeal the grant of summary judgment in favor of the Price Lawyers.

"Summary judgment is appropriate only when there are no genuine issues of material

fact and the moving party is entitled to a judgment as a matter of law." *Quezare v. Byrider*

*Fin., Inc.*, 941 N.E.2d 510, 513 (Ind. Ct. App. 2011), *trans. denied*; Ind. Trial Rule 56(C).

> When reviewing a grant or denial of a motion for summary judgment
> our well-settled standard of review is the same as it is for the trial court:
> whether there is a genuine issue of material fact, and whether the moving party
> is entitled to judgment as a matter of law. Summary judgment should be
> granted only if the evidence sanctioned by Indiana Trial Rule 56(C) shows that
> there is no genuine issue of material fact and the moving party deserves
> judgment as a matter of law. All factual inferences must be construed in favor
> of the non-moving party, and all doubts as to the existence of a material issue
> must be resolved against the moving party.

*Kroger Co. v. Plonski*, 930 N.E.2d 1, 4-5 (Ind. 2010) (citations omitted). "In reviewing a

trial court's ruling on a motion for summary judgment, we may affirm on any grounds

---

[4] Clients also appealed the trial court's rulings holding them in contempt, ordering them to respond to discovery, and holding in abeyance its ruling on Duree's counterclaim against the Villasenors. On October 16, 2013, we issued an order finding that these rulings were interlocutory orders over which we have no jurisdiction. We dismissed Clients' claims regarding these rulings and remanded for further proceedings.

supported by the Indiana Trial Rule 56 materials." *Kozlowski v. Lake Cnty. Plan Comm'n*, 927 N.E.2d 404, 408 (Ind. Ct. App. 2010), *trans. denied*.

The Clients' complaint alleged breach of contract and legal malpractice. "[T]he essential elements of a breach of contract action are: 1) the existence of a contract; 2) the defendant's breach thereof; and 3) damages." *Hopper v. Colonial Motel Props., Inc.*, 762 N.E.2d 181, 187 (Ind. Ct. App. 2002), *trans. denied*.

> To prove a legal malpractice claim, a plaintiff must establish: 1) employment of the attorney (duty); 2) failure of the attorney to exercise ordinary skill and knowledge (breach); 3) proximate cause (causation); and 4) loss to the plaintiff (damages). It is appropriate for a trial court to grant an attorney summary judgment on a legal malpractice claim if the designated evidence negates at least one of these elements. In Indiana, an attorney's duty is generally to exercise ordinary skill and knowledge.

*Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010) (citations and quotation marks omitted), *trans. denied* (2011).

## I. Summary Judgment in Favor of the Duree Lawyers and Against the Heysers

The Heysers argue that their failure to list their claims against the Duree Lawyers in their bankruptcy estate cannot, as a matter of law, support summary judgment in favor of the Duree Lawyers. The Duree Lawyers contend that the Heysers have waived their claim because they cite no authority in support of their argument. *See Wenzel v. Hopper & Galliher, P.C.*, 830 N.E.2d 996, 1004 (Ind. Ct. App. 2005) (failure to present cogent argument supported by legal authority constitutes waiver of issue for appellate review); Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented supported by cogent reasoning. Each contention must be supported by

16

citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on"). The Duree Lawyers are correct that the Heysers failed to cite any legal authority. While the Heysers certainly would have presented a stronger argument had they supported their statements with legal authority, their argument is adequate to permit review on the merits, and therefore we choose to do so. *See Izaak Walton League of Am., Inc. v. DeKalb Cnty. Surveyor's Office*, 850 N.E.2d 957, 965 (Ind. Ct. App. 2006) ("There is, quite properly, a judicial preference for deciding cases on their merits, rather than dismissing them because of some minor or irrelevant technical defect.").

Specifically, the Heysers argue that their failure to list their claims in their bankruptcy estate cannot serve as a basis to grant summary judgment in favor of the Duree Lawyers because the trial court already ruled in their favor on this issue when it (1) granted the Davis Lawyers' motion to dismiss Duree's abuse of process counterclaim, (2) denied Duree-Associates' motion to dismiss Clients' complaint for failure to state a claim upon which relief can be granted, and (3) granted Clients' motion to strike Duree-Associates' affirmative defenses paragraphs 29 and 30. There are several reasons that the trial court's previous rulings are not on par with its summary judgment ruling. First, Duree's abuse of process counterclaim against the Davis Lawyers includes elements that are not part of contract and

17

negligence theories.[5] The trial court may have dismissed the abuse of process claim based on the absence of one of those elements.

Second, the trial court's decision to deny Duree-Associates' motion to dismiss was based on whether the complaint failed to state a claim upon which relief can be granted pursuant to Indiana Trial Rule 12(B)(6). The test for whether a complaint survives a motion to dismiss pursuant to Trial Rule 12(B)(6) is not the same as the standard for summary judgment. "A motion to dismiss under [Trial] Rule 12(B)(6) tests the legal sufficiency of a complaint: that is, whether the allegations in the complaint establish *any* set of circumstances under which a plaintiff would be entitled to relief." *Trail v. Boys & Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 134 (Ind. 2006) (emphasis added). "The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law." *Bushong v. Williamson*, 790 N.E.2d 467, 474 (Ind. 2003) (citation and quotation marks omitted).

The trial court's ruling on Duree-Associates' motion to dismiss also differs from the summary judgment ruling in terms of the designated evidence. To support their motion for summary judgment, the Duree Lawyers designated the requests for admissions, which the trial court had deemed admitted in its June 6, 2011 Order. Thus, the designated evidence showed that the Heysers admitted that they did not list their claims against the Duree

---

[5] "Abuse of process has two elements: (1) 'ulterior purpose or motives;' and (2) 'a willful act in the use of process not proper in the regular conduct of the proceeding.'" *Wells v. Bernitt*, 936 N.E.2d 1242, 1252-53 (Ind. Ct. App. 2010) (quoting *Watson v. Auto Advisors, Inc.*, 822 N.E.2d 1017, 1029 (Ind. Ct. App. 2005), *trans. denied*) *trans. denied* (2011).

Lawyers as part of their bankruptcy estate.[6] The Heysers did not designate contrary evidence, and we may not rely on the "extrinsic evidence" to which they refer.[7] Appellants' Br. at 15. *See Filip v. Block*, 879 N.E.2d 1076, 1078 (Ind. 2008) ("Indiana Trial Rule 56(C) requires parties to designate the evidence in support of or opposition to a motion for summary judgment."). As for the trial court's grant of Clients' motion to strike affirmative defenses, that was based on its previous denial of Duree-Associates' motion to dismiss and likewise differs from the summary judgment ruling.

Furthermore, even if the trial court had previously ruled in favor of the Heysers on this issue, the trial court has the inherent power to reconsider, vacate, or modify any previous order until the entry of final judgment. *P.R. Mallory & Co. v. Am. Cas. Co. of Reading, Pa.*, 920 N.E.2d 736, 747 (Ind. Ct. App. 2010), *trans. denied*. Accordingly, we affirm the trial court's grant of summary judgment in favor of the Duree Lawyers on the Heysers' claims against them.

---

[6] Unless rights of action are included as part of the debtor's bankruptcy estate and abandoned by the trustee, they may not be pursued by the debtor. *See Boucher v. Exide Corp.*, 498 N.E.2d 402, 403 (Ind. Ct. App. 1986), *trans. denied* (1987) ("Abandonment presupposes knowledge. There can, as a rule, be no abandonment by mere operation of law of property that was not listed in the debtor's schedule or otherwise disclosed to the creditors.") (citation and quotation marks omitted).

[7] The Heysers filed no affidavits with their opposition to summary judgment. They designated the June 6, 2011 Order and Duree-Associates' motion to dismiss with its related filings, but they did not attach the Heysers' and the Morrises' bankruptcy trustees' emails to their response in opposition to Duree-Associates' motion to dismiss.

## II. *Summary Judgment in Favor of the Duree Lawyers and Against the Morrises and Kapza*

The trial court granted summary judgment in favor of the Duree Lawyers based on the Morrises' voluntary dismissal of their complaint in the Underlying Case. The Morrises and Kapza argue that their voluntary dismissal does not support summary judgment in favor of the Duree Lawyers on either the breach of contract claim or the legal malpractice claim. The Duree Lawyers argue that the Morrises failed to cite any authority in support of their arguments and therefore waived their claim for review. *See Wenzel*, 830 N.E.2d at 1004; Ind. Appellate Rule 46(A)(8)(a). Because the Morrises and Kapza's argument is adequate to permit our review and our preference is to review claims on the merits if possible, we decline to find their arguments waived. *See Izaak Walton League*, 850 N.E.2d at 965.

As for the breach of contract claim, the Morrises and Kapza argue that even though they voluntarily dismissed their complaint in the Underlying Case, they still suffered damages from the Duree Lawyers' breach of the contingency fee agreement because they had to hire an hourly attorney. We agree. *See Bank One, Nat'l Ass'n v. Surber*, 899 N.E.2d 693, 704 (Ind. Ct. App. 2009), *trans. denied* (stating that the measure of damages for breach of contract is such damages that are reasonably considered as arising naturally from the breach, or that are reasonably supposed to have been within the parties' contemplation at the time they entered into the contract as a probable result of the breach). However, there is an alternative basis upon which we can affirm the trial court's grant of summary judgment against the Morrises but not Kapza. The Duree Lawyers' designated evidence included the

20

requests for admissions directed to the Morrises, which the trial court deemed admitted in its June 6, 2011 Order. Thus, the designated evidence showed that the Morrises admitted that they did not list their claims against the Duree Lawyers as part of their bankruptcy estate. The Morrises did not designate any evidence to the contrary.[8] Therefore, the Morrises are barred from bringing their breach of contract claim against the Duree Lawyers. Accordingly, we affirm the grant of summary judgment in favor of the Duree Lawyers and against the Morrises on the breach of contract claim. Kapza's breach of contract claim against the Duree Lawyers remains, and therefore we reverse the grant of summary judgment in favor of the Duree Lawyers and against Kapza on the breach of contract claim.

As for the legal malpractice claim, the Morrises and Kapza argue that their voluntary dismissal was an effort to mitigate damages after Duree doomed their lawsuit by waiving a constructive fraud claim, and therefore Duree's actions were still the proximate cause of their damages. The Morrises and Kapza fail to cite any legal authority which supports damages in a legal malpractice claim where the client voluntarily dismissed the claim in the underlying lawsuit. In a legal malpractice claim, "[p]roximate cause requires the plaintiff to show at a minimum that the outcome of the underlying litigation would have been more favorable but for the attorney's negligence. Such proof typically requires a trial within a trial." *Flatow v. Ingalls*, 932 N.E.2d 726, 729 (Ind. Ct. App. 2010), *trans. denied* (2011) (citations and quotation marks omitted). The Morrises and Kapza do not direct us to any designated

---

[8] The Morrises did not file any affidavits with their opposition to summary judgment. Like the Heysers, they designated the June 6, 2011 Order and Duree-Associates' motion to dismiss with its related filings, but the Heysers' and the Morrises' bankruptcy trustees' emails were not part of those filings.

evidence that would support the position that their lawsuit against Noble Roman's would have been successful but for Duree's waiver of the constructive fraud claim.

Finally, the Morrises and Kapza make the same arguments that the Heysers advanced, namely, that the trial court previously decided this issue in their favor and that extrinsic evidence precludes summary judgment. We reject these arguments for the same reasons that we rejected the Heysers' arguments. Accordingly, we affirm the trial court's grant of summary judgment in favor of the Duree Lawyers on the Morrises' and Kapza's legal malpractice claims against them.

### III. *Summary Judgment in Favor of the Duree Lawyers and Against the Villasenors*

The trial court granted summary judgment in favor of the Duree Lawyers and against the Villasenors based on the involuntary dismissal of the Villasenors' complaint as a sanction for their failure to comply with court-ordered discovery. The Villasenors' sole argument is that summary judgment is improper in their case for the same reasons that summary judgment against the Morrises is improper. The Duree Lawyers contend that the Villasenors have waived their claim for failure to present cogent argument supported by authority. We agree. Given that the Villasenors' complaint was involuntarily dismissed as a discovery sanction, we fail to see how the Morrises' arguments apply to the Villasenors' position. We are unable to review the Villasenors' claim on the merits, and consequently it is waived. *See Wenzel*, 830 N.E.2d at 1004; Ind. Appellate Rule 46(A)(8)(a). Therefore, we affirm the trial court's grant of summary judgment in favor of the Duree Lawyers on the Villasenors' claims against them.

### *IV. Summary Judgment in Favor of the Price Lawyers*

Count III of Clients' complaint alleged that the Price Lawyers owed them a legal duty arising out of the attorney-client relationship, including their duty as co-counsel, to sign all briefs, papers, and pleadings and to make a reasonable inquiry into the character, qualifications, experience, and disciplinary history of the Duree Lawyers prior to recommending Duree for temporary admission, and that the Price Lawyers are jointly responsible with the Duree Lawyers for their actions, inactions, and omissions. Appellants' App. at 173.

The procedural history relevant to this issue is that the Price Lawyers moved for summary judgment against the Clients on the basis that Price had no knowledge of Duree's improper notarization of Clients' affidavits in the Underlying Case, and therefore the Price Lawyers had not committed or omitted any act that caused Clients' alleged damages. The Price Lawyers' designated evidence included Price's affidavit, in which he swore that he "did not prepare, notarize, or sign the affidavits that were filed by [Duree]" and that he "had no knowledge that [Duree] notarized the affidavits when the affiants had in fact not appeared before him to sign the affidavits and were not placed under oath." *Id.* at 547. Price also attested that he (1) was retained by Duree to sponsor him in a pro hac vice application for temporary admission, (2) had no contact with Clients regarding the suitability of Duree as their attorney in the Underlying Case, (3) was not a party to any agreement or fee arrangement with Clients in the Underlying Case, (4) had not received a retainer or any other payment directly from Clients for any services rendered in the Underlying Case, and (4) had

no contractual relationship with Clients and had no agreement with them to represent them on a contingency fee basis. *Id*. at 546-47. In addition to Price's affidavit, the Price Lawyers designated copies of the improperly notarized affidavits, which had been signed only by Duree and not Price. *Id*. at 558-609.

Clients responded to the Price Lawyers' motion for summary judgment, arguing that the Price Lawyers' lack of knowledge of Duree's actions in the underlying case supported their legal malpractice claim. *Id*. at 665. The Clients' designated evidence included their complaint, the Price Lawyers' answer, the June 6, 2011 Order, and the appearance of the Price Lawyers in the Underlying Case. The trial court granted the Price Lawyers' motion for summary judgment, concluding that it was undisputed that Price did not have any knowledge, information, or belief that the affidavits were not properly notarized and that Clients had failed to designate evidence that created a genuine issue of material fact as to the Price Lawyers' liability and whether any of their actions were the proximate cause of any damages to Clients. Duree's Appellee's Br. at A-12.

On appeal, Clients argue that the Price Lawyers' designated evidence was insufficient to support summary judgment in their favor. Recall that to "prove a legal malpractice claim, a plaintiff must establish: 1) employment of the attorney (duty); 2) failure of the attorney to exercise ordinary skill and knowledge (breach); 3) proximate cause (causation); and 4) loss to the plaintiff (damages)." *Flatow*, 932 N.E.2d at 729. To succeed in a motion for summary judgment, the defendant's designated evidence must negate at least one element. *Id*.

Clients argue that Price's failure to sign the affidavits does not shield the Price Lawyers from liability for Duree's conduct in the Underlying Case. According to Clients, Price's failure to sign the affidavits supports the Price Lawyers' liability because it violates Indiana Admission and Discipline Rule 3, which governs the temporary admission of out-of-state attorneys. Specifically, Clients argue that Price violated Rule 3(2)(d), which provides,

> Members of the bar of this state serving as co-counsel under this rule shall sign all briefs, papers and pleadings in the cause and shall be jointly responsible therefore [sic]. The signature of co-counsel constitutes a certificate that, to the best of co-counsel's knowledge, information and belief, there is good ground to support the signed document and that it is not interposed for delay or any other improper reason. Unless ordered by the trial court, local counsel need not be personally present at proceeding before the court.

Clients attempt to bolster their argument with reference to the Indiana Rules of Professional Conduct.[9] Indiana's "Rules of Professional Conduct have limited application outside of the attorney disciplinary process" and are not intended to create a legal malpractice claim or other civil liability. *Liggett v. Young*, 877 N.E.2d 178, 182 (Ind. 2007). Nevertheless, Clients contend that the Rules of Professional Conduct are evidence of the applicable standard of care in a legal malpractice action.

The Preamble to the Rules of Professional Conduct provides,

> The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability, but these Rules may be used as non-conclusive evidence that a lawyer has breached a duty owed to a client. Furthermore, the purpose of the Rules can be subverted when they are invoked

---

[9] Clients may be under the mistaken impression that the Rules of Professional Conduct are the same as the Rules for Admission and Discipline, even citing Indiana Admission and Discipline Rule 3(2) as "I.R.P.C. 3(2))." Appellants' Br. at 23.

by opposing parties as procedural weapons. …. Nevertheless, since the Rules do establish standards of conduct by lawyers, a lawyer's violation of a Rule may be evidence of breach of the applicable standard.

Ind. Rules of Professional Conduct, Scope [20].[10]

The unstated basis for Clients' argument is that if the Rules of Professional Conduct may be used as non-conclusive evidence of a lawyer's breach of duty to a client then the Admission and Discipline Rules may also be used as such evidence. However, the Admission and Discipline Rules do not contain language analogous to the Preamble to the Rules of Professional Conduct. If our Supreme Court intended the Admission and Discipline Rules to serve as non-conclusive evidence of a lawyer's breach of duty, it could have stated so. *Walters v. Grant Cnty. Council*, 821 N.E.2d 415, 418 (Ind. Ct. App. 2005) ("[I]t is just as important to recognize what the statute does not say as it is to recognize what it does say.").

Even assuming solely for purposes of this appeal that a violation of the Admission and Discipline Rules could serve as non-conclusive evidence of a lawyer's breach of duty to a client, Clients' contention that Price's affidavit was insufficient to support summary judgment is still without merit. Price's affidavit is evidence that he did not participate in the preparation of the affidavits and had no knowledge of their improper preparation. There is nothing in the record to suggest that Price knew of the affidavits prior to their filing before the court. Clients did not designate any evidence in response that would create a genuine issue of material fact that the Price Lawyers' actions or omissions proximately caused any of

---

[10] Clients mistakenly quote the version of the Preamble that was in effect before the Rules of Professional Conduct were amended effective January 1, 2005. Appellants' Br. at 24. We quote the current version of the Preamble, which was in effect during the Underlying Case.

26

their alleged damages.  Accordingly, we conclude that the trial court properly granted summary judgment in favor of the Price Lawyers on Clients' complaint.[11]

### *Conclusion*

We reverse the grant of summary judgment in favor of the Duree Lawyers on Kapza's breach of contract claim and remand for further proceedings.  We affirm all remaining summary judgment rulings in favor of the Duree Lawyers.[12]  We also affirm summary judgment in favor of the Price Lawyers on Clients' complaint.

Affirmed in part, reversed in part, and remanded.

BARNES, J., and PYLE, J., concur.

---

[11] In just one sentence, Clients address Price's lack of knowledge that the affidavits were improperly notarized. They assert that local counsel may be subject to discipline if the out-of-state attorney fails to satisfy the requirements of the rule governing temporary admission "regardless of whether Indiana co-counsel played any part in said out-of-state attorney's actions and/or inactions." Appellants' Br. at 24.  In support, Clients cite *In re Anonymous*, 932 N.E.2d 1247 (Ind. 2010), but that case does not stand for the proposition that Clients advance.  In *Anonymous*, local co-counsel played a part in the out-of-state attorney's failure to satisfy the requirements for temporary admission.  Local co-counsel signed an appearance with out-of-state counsel even though co-counsel had not co-signed the petition for temporary admission, which the out-of-state attorney would have needed to obtain temporary admission.  Ind. Admis. Disc. Rule (3)(2)(a)(4). When the trial court notified local co-counsel that the out-of-state attorney was *not* admitted to practice in Indiana, local counsel's "inadequate response was to give [the out-of-state attorney] a copy of the applicable rule."  932 N.E.2d at 1249.  In any event, even if local counsel was disciplined for an out-of-state attorney's actions and/or inactions when local counsel had no knowledge of the out-of-state attorney's conduct, it does not necessarily follow that local counsel breached the applicable standard of care owed to the out-of-state attorney's client.

[12] In their reply brief, Clients argue for the first time that the Duree Lawyers failed to present argument or designate evidence regarding Clients' legal malpractice claims based on failure to adequately advise of any past disciplinary matters, experience in similar types of cases, and the chances of success in the Underlying Case.  Appellants' Reply Br. at 7.  Clients did not present this argument to the trial court in their response in opposition to summary judgment.  "'A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court.'"  *Hoagland v. Town of Clear Lake Bd. of Zoning Appeals*, 873 N.E.2d 61, 65 (Ind. Ct. App. 2007) (quoting *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 652 (Ind. Ct. App. 2002)).  Therefore, Clients waived this argument.